BIRRELL v. LOUIS SCHIE et al.

Where A mortgaged a lot of land for five hundred dollars, and afterwards conveyed the same to B, a *feme sole*, in trust for her children, and A then married B, and the two together borrowed an additional sum, and executed a joint-mortgage for the whole amount, to the assignee of the first mortgage, and the note for the first debt was surrendered, though the mortgage was not canceled; and the debt was again increased, and the last mortgage canceled, and a new one for the increased amount executed by A and B : *Held*, that the holder of the last note and mortgage was entitled to a judgment thereon, and to a decree of foreclosure and sale, for the amount of the first note and mortgage.

APPEAL from the Superior Court of the City of San Francisco.

The facts of this case appear in the opinion of the Court.

*Shafter and Mastick* for Appellant.

If the trust-deed is held invalid, plaintiff is entitled to the whole debt and mortgage-security. But, on the other hand, if the trust-deed is held good, then plaintiff is entitled to the original Walker debt, and the security of that debt.

The deed of trust is inoperative as against us, for it conveys nothing but L. Schie's equity of redemption.

It is a quit-claim, without warranty, and nothing passed but the land, subject to the payment of the debt. Jackson v. Bradford, 4 Wendell R., 619. *Qui non habet ille non dat.* 4 Kent's Com., 98.

Louis Schie, when he made the deed of trust, had only an equity of redemption. If he afterwards, by cancellation or release of the Walker mortgage, acquired the fee, this did not vest in the *cestui que trust*, but remains in himself, at least so far as equitable considerations are concerned. Edwards v. Finch, 5 Denio, 664–702.

The *cestui que trust* and trustee ought not to set up this deed against us, for they had notice of our incumbrance. Minna Schie, as trustee, is only bound to exercise good faith and prudence in the management of the trust-property. She ought not, thus charged with notice, to be permitted to enact a fraud, for the benefit of either herself or children.

The first and other mortgages were canceled, with a full knowledge that plaintiff relied on all the mortgages as valid. Cook v. Mancis, 5 John. Ch. R., 89.

Equity attaches great importance to notice of another's claims or pretensions, and generally charges a party, whether he be a purchaser, or otherwise, who acts regardless of such notice, with all the duties that such claims impose. Doe v. Rutledge, Cowper, 713; approved in Jackson v. Town, 4 Cowen R., 604; in Arnold v. Patrick, 6 Paige Ch., 310; and Lane v. Ludlow, cited in note.

The decision of this Court, in the case of Dillon v. Byrne, 5 Cal., 445, is precisely in point.

A debt may be kept alive, and a security by mortgage maintained for the debt, notwithstanding the cancellation or destruction of the note. Dana & Hayden v. Birney et al., V. X., 493.

The Court below, in the case at bar, had no evidence before it but the solitary fact of the substitution of note and mortgage, when the intention was most manifest to sustain the lien. Davis v. Maynard, 9 Miss., 241; Watkins v. Hill, 8 Pick., 522; Pomeroy v. Rice, 16 Pick., 24; Elliott v. Sleeper, 2 N. H., 525; Hill v. Bebee, 3 Kernan, 556–567.

*Bristol & Spencer* for Respondents.

The case of Dillon v. Byrne, 5 Cal., 455, cited by appellant, is not in point. In that case, a part of the mortgage-debt was the purchase-money of the land, and to that extent, and no more,

the Court allowed the mortgage to be foreclosed. This was allowed, on the ground that Dillon had a lien independent of the mortgage.

If the trust-property should be sold, under a decree of foreclosure, in this case, the purchaser would take with notice of, and would be bound to carry out, the trust.    1 Story Eq. Juris., § 533.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

This was a suit to foreclose a mortgage.

The facts are substantially these :

1. On the second day of February, 1852, Louis Schie borrowed of William Walker five hundred dollars, and to secure the same, executed a note and mortgage.

2. On the twentieth of November, 1852, Walker assigned the note and mortgage to Anton Mengers.

3. On the first of December, 1852, Mengers made a further advance of two hundred dollars, and took from Louis Schie and Minna Hirsch a new note and mortgage, for seven hundred dollars, at the same time surrendering the note of five hundred dollars to Louis Schie, but leaving the first mortgage uncanceled.

4. On the third of June, 1853, the note for seven hundred dollars was delivered up to Schie, and the mortgage to secure it duly canceled of record, and, in place of that mortgage, a note and mortgage for eight hundred dollars were executed by Louis Schie and Minna Schie, now his wife, to Andrew Birrell, the plaintiff, he having purchased the note and mortgage for seven hundred dollars. The note and mortgage to Birrell were given to secure him for the money so secured by the Mengers note and mortgage.

5. On the thirtieth of January, 1854, plaintiff having previously had other transactions with Louis Schie, took from him and wife another mortgage, for thirteen hundred dollars, which sum included the amount of the previous note and mortgage for eight hundred dollars, which were both then canceled.

6. On the fourth day of November, 1852, while the note and mortgage to Walker were unpaid, the defendant Louis Schie conveyed the premises to Minna Hirsch, then sole, but now the wife of Louis, in trust for her two infant children.

7. The defendant Minna Schie resists the foreclosure of the mortgage, upon the ground that the entire interest in the property is in her as trustee for her children.

8. The Court below gave plaintiff a judgment against Louis Schie, for the amount of the note and mortgage, but refused to make a decree for the foreclosure of the mortgage and a sale of the property, and the plaintiff appealed.

The decision of this Court, in the case of Dillon *v.* Byrne, (5 Cal., 455,) is decisive of this case. It is true, there are some slight differences in the facts of the two cases, but the essential principle is the same. In this case, as in that, the land was charged with a debt when the conveyance was made to Minna Hirsch, of which she had due record notice. The fact that the Mengers mortgage was canceled of record, is no evidence of any intention to abandon the lien, for the reason that the new note and mortgage to plaintiff, executed the same day, constituted a part of the same transaction, and must be taken and construed together with the acknowledgment of satisfaction of record. This acknowledgment of record was only evidence of the intention of the parties that the mortgagor should not be held for double the amount. It was evidence only of an intention to merge one in the other, but not of payment.

The plaintiff was entitled to the judgment given, and to a decree of foreclosure and sale for the amount of the first note and mortgage.

The judgment of the Court below is reversed, with direction to enter a decree in conformity with this opinion.