## BROWN *v.* CITY OF DENVER.

1. A grant of power to impose municipal taxes involves a decision by the legislature that benefits proportionate to the burden will be conferred. The burden of proof is upon him who assails the legislative action, and to warrant judicial interference, he must show a clear case of violation of the principle exempting private property from condemnation to public use.

2. If in respect to the particular estate, the proprietor derives a substantial benefit from the maintenance of municipal government, he must contribute to its support.

*Error to Probate Court of Arapahoe County.*

THIS was an action brought to recover taxes paid under protest to the collector of taxes for the city of Denver. It was contended by the plaintiff that the tax was illegal, having been assessed upon lands not subject to taxation for municipal purposes. The defendant had judgment upon a trial before the court below upon an agreed statement of facts. The plaintiff prosecutes this writ of error to reverse that judgment.

The plaintiff in error complains that the court below erred in giving judgment for the defendant, and that the finding of the court was against the evidence. The cause is presented to this court upon an agreed statement of facts,

which, after describing the estate involved by metes and bounds, and admitting the title to be in the plaintiff in error, proceeds as follows:

"That said real estate is not and has not been laid off into either lots, blocks, streets or alleys, as a part of the city of Denver, or as an addition thereto or for any public use or purpose whatsoever; and there was and is no desire on the part of the plaintiff to do the same. That the boundary line of the said city of Denver was extended to include said real estate by an act of the legislature of Colorado, approved January 9, A. D. 1868, at the solicitation of the officers or agents of the city of Denver. That the plaintiff never had said real estate mapped or platted as an addition to the city of Denver. That the same is uncultivated and unimproved and is lying open to the common. That the act of said legislature in making said real estate a part of the said city of Denver was without the plaintiff's consent or solicitation. That the houses adjacent to said real estate are few and scattering. That the southern boundary of said real estate forms a part of the southern boundary of said city. That said property was and is used by the said city only for the purpose of taxation for city purposes, and at present is not necessary except for that purpose. That a tax was assessed and levied upon said real estate, for city purposes only, for the year 1874, said tax being assessed at the said rate according to the valuation of said property that was assessed for said year on other city property. That after the time limited by law for the payment of said sum of money there accrued as interest upon said property the sum of $55 56-100, and that as said tax and interest was not paid before the time fixed by law for advertising delinquent property, the same was advertised for sale. The cost of said advertising amounted to the sum of $55 55-100, making the amount due on said property for taxes as aforesaid at the time of payment as hereinafter mentioned by the plaintiff, $666 60-100. That said real estate was about to be sold for said tax so delinquent as aforesaid, together with said accrued charges of $111 10-100 for interest and advertising on the

24th day of May, A. D. 1875; on which day the same was paid by the plaintiff to J. M. Strickler, county treasurer and ex-officio city collector. That said sum was paid by the plaintiff under protest to the said Strickler, the said plaintiff reserving the right to test the legality of said tax and to receive the said sum of money back from said city of Denver in case said tax should be held illegal by the courts of the Territory. That this sum so paid by the plaintiff was paid by the said Strickler to T. M. Field, treasurer of the said city of Denver, and was by said Field deposited in the city treasury for its sole use and benefit, and is now subject to its order and use. That the foregoing are all the facts applicable to the said cause of action."

Mr. G. G. SYMES and Mr. W. S. DECKER, for plaintiff in error.

Mr. C. S. THOMAS, for defendant in error.

WELLS, J. Every grant of the power to impose municipal taxes or assessments involves a determination by the legislative power that benefits proportionate to the burden will in some way be conferred.

If a power exists in the courts to review the determination, which has of late been doubted (Cooley on Tax. 120), it is a power to be exercised with a cautious hand. Every presumption supports the legislative action, and whoever assails it, assumes the burden of proof. Unless a clear violation of the principle which exempts private property from condemnation to public uses, without compensation, be exhibited, the wrong, if any, is beyond judicial interference.

It is not essential to the validity of such a grant of power that the premises affected should be occupied for residence or trade, or immediately necessary for such occupation, nor that they should be subdivided or offered for sale in parcels suitable for such purposes, nor that they should be benefited or enhanced in value in equal ratio with all other

lands to which the power of taxation is extended. The courts will not nicely balance the benefit against the burden, nor limit the liability to the exact measure of the advantage. If, in respect to the particular estate, the proprietor derives a substantial benefit from the maintenance of municipal government, he must contribute to its support. *Durant* v. *Kaufman*, 34 Iowa, 194; 2 Dillon on Mun. Corp., § 634.

Testing the plaintiff's case by these principles, he has not established his title to the immunity which he asserts. For any thing shown, these premises may, before the imposition of the tax in question, and before the grant of the power to tax, have been directly connected with the center of business and population of the city, by streets and avenues, opened, graded, paved, lighted, and which are now, and must in the future be maintained at the public expense. These and the erection of public buildings in the vicinity, the construction of irrigating ditches and other public improvements, the suppression of nuisances and the exercise of the municipal authority in other respects may, consistently with all that is shown, confer upon these premises the greater part of their present value, and by the same causes continually operating, that value may be maintained or enhanced in the future.

We cannot assume that these things are so; neither can we take judicial notice that they are not. The legislature have found that the proprietor will be compensated for the burden imposed; it rests upon him, as before said, to negative this conclusion. The facts shown to us do not maintain the issue which he has made.

The judgment must be affirmed with costs.

*Affirmed.*