## PARKS v. WILCOX.

Rehearings are allowed, as a rule, only upon the presentation of some new matter or point essential or pertinent to the decision, and which was not presented or considered in the hearing and decision of the case upon its determination.

*Appeal from District Court of Lake County.*

Mr. DANIEL E. PARKS, *pro se.*

Mr. SAM. P. ROSE, for appellee.

UPON petition for rehearing the following opinion was rendered by

STONE, J. Rehearings are allowed, as a rule, only upon the presentation of some new matter or point essential or pertinent to the decision, and which was not presented or was not considered in the hearing and decision of the case upon its determination.

The petition and brief for rehearing herein exhibit commendable labor in their preparation, containing, as they do, nearly forty pages of printed matter, and over one hundred and fifty citations of cases in support of the numerous propositions stated as reasons against the correctness of the decision of the court heretofore rendered. We are, however, compelled to say, that we find no point made which is pertinent to the decision of the case that was not fully considered and fairly covered in the opinion already announced. The numerous cases cited by counsel in their brief for rehearing are, for the most part, in support of rules and propositions of law which are uncontroverted in our opinion, and many of them outside of the case.

The point which seems to be most strenuously urged is that the defendant in the court below should have pleaded to the jurisdiction of the court as his first step in the proceedings; that by demurring to plaintiff's complaint he

admitted the jurisdiction and waived his right to plead it afterwards, and we are treated to a dissertation upon the doctrine of common law pleading as laid down by the great authors of the text-books therein. But besides the circumstance that this point is altogether outside the assignments of error in the case, we must observe that counsel appear to have wholly misconceived the nature of the defense in the court below.

Instead of being a technical plea to the jurisdiction,— a plea in abatement, as counsel name it, and so treat it,— the answer of the defendant is a plea in bar,— the ordinary special plea of justification of an officer under a writ, etc.; a form of plea which counsel will find in the oldest text-books upon common law pleading. The question of jurisdiction which was raised by this answer arose merely from the incidental circumstance that the writ under which the defendant justified was issued from another court of concurrent jurisdiction, and whose jurisdiction had first attached to the goods in controversy. The subject matter was already pending in the court under whose process the officer justified, and the goods were therefore rightfully in the custody of the law when seized under the plaintiff's writ. These facts being admitted by plaintiff's demurrer to the answer, and being thereupon considered sufficient by the court, the only question to determine being the admitted prior jurisdiction of the other court and the validity of its process, under which the defendant took and held the goods, were sufficient to oust the jurisdiction of the court below; not that that court was without jurisdiction *otherwise*, but that the subject matter of the litigation was already *pendente lite* in a court of competent jurisdiction with rightful authority to assert the protection of its own officers in the execution of its process. The plaintiff elected to stand by his demurrer upon its overruling by the court, and thereupon judgment was rendered for the defendant and for possession of the goods or for value. The single question before this court

presented by the record upon the error assigned was the correctness of this judgment. We held it to be correct upon the authority of the highest federal and state courts, which announce the doctrine as settled — a doctrine acknowledged and observed by the English courts in Lord Coke's time, and a doctrine which has been settled in this country for three quarters of a century. The authority and duty of the court below to order a return of the goods to the marshal, out of whose possession they were taken by the sheriff, is a question we fully passed upon in our opinion heretofore given, citing therein upon the very point the cases of *Fuesier v. Lammon*, 5 Nev. 209, and *Booth v. Ableman*, 18 Wis. 485.

A point is made by counsel for petitioner that there was no ascertainment by the court below upon evidence to fix the amount of value of the goods as a basis for the judgment for value on failure to return the goods to the defendant. A sufficient answer to this objection is that the record which the petitioner, as appellant, brings up to us contains nothing upon this point, except the recital in the judgment entry, that, if return of the goods cannot be had, "the said, defendant do have and recover of and from said plaintiff the sum of $3,335.43, the value of said goods and chattels." Here is a specific sum fixed and stated in the judgment record as to the value of the goods, which sum, being in odd numbers of dollars and cents, imports a valuation based upon some certain data as the means of ascertainment; and inasmuch as both the complaint of the plaintiff (the petitioner here) and the return of the sheriff to his writ specify the value of the goods, as set forth in itemized schedules, to amount to the sum of $5,076.95, the plaintiff is not in a position to complain that the value fixed in the judgment is nearly $1,800 less than that fixed by himself.

In the absence of anything in the petition and brief before us to satisfy our minds that we erred in any of our conclusions in the decision of this case heretofore ren-

dered, a decision which, indeed, assumed to go no further than to announce a settled rule upon the question presented, and now, in deference to the zeal with which a rehearing is urged, after going over the whole case again with laborious consideration of all that counsel have presented, we must deny the rehearing prayed.

*Petition denied.*