KNOTH V. BARCLAY ET AL.

Counsel are not permitted to present part of their case at the formal submission, and the remainder upon a petition for rehearing; they cannot urge the proposition in such case that the bill of exceptions does not "purport to contain all the evidence," and that therefore the sufficiency of the proofs could not be inquired into.

PETITION for a rehearing.

PER CURIAM.    Each and every matter presented upon this rehearing save one was fully and carefully examined in preparing the opinion heretofore filed.    We are still satisfied with the correctness of the views therein expressed, and deem any further argument thereof unnecessary.

The question which was not then considered relates to the sufficiency of the bill of exceptions. Counsel now for the first time urge the proposition that the bill does not "*purport* to contain all the evidence," and therefore the sufficiency of the proofs could not be inquired into. We do not feel called upon to determine whether or not the defect suggested actually exists. If counsel's idea that the objection is well taken be correct, in our judgment it has been waived. While the cause was argued fully *upon the evidence* by both sides, the objection now urged was entirely ignored. We were induced to investigate the whole case upon the theory that the entire evidence was before us. Under these circumstances we think it is too late at this time to take advantage of the alleged defect. Such defect, if it exists, counsel had the privilege of urging or not, as they chose. From their conduct we were justified in presuming that they elected to waive it.

It is the duty of counsel to present all questions upon which they rely, in their briefs and arguments in the first instance; and the court, in reviewing the cause, does not usually go beyond the subjects to which its attention is thus invited. It would be obviously unfair to permit the presentation of such questions as the one now before us, at this stage of the proceedings. Counsel are not permitted to present part of their case at the formal submission, and the remainder upon the petition for rehearing. If they have discussed all the errors or defects upon which they rely, but after the submission some new matter or point bearing upon such errors or defects be discovered, or if it is believed that the court has overlooked something material to a correct conclusion thereon, a petition for rehearing is in order.

The foregoing view is in accord with the general practice hitherto prevailing in this court; it is not in conflict with the declaration made on the subject in *Parks v. Wilcox*, 6 Colo. 600. The "new matter or point essen-

tial or pertinent to the decision" there mentioned is something bearing upon the questions presented at the formal submission of the cause; it is not an error or defect in the proceedings below, disclosed by the record, which should have been insisted upon, but which counsel have seen fit to ignore in the presentation of the cause upon its regular submission in this court.

While the whole matter is in the sound discretion of the court, the foregoing is the general rule. Exceptions may be made, but only for cogent reasons growing out of unusual circumstances. The rehearing is denied.

*Denied.*