WILLIAM LIGHTFOOT, Respondent, v. WILLIAM WILMOT ET AL., Appellants.

### Kansas City Court of Appeals, June 28, 1886.

JUDGMENTS—ISSUES PRESENTED AT TRIAL—RES JUDICATA—CASE AD. JUDGED.—When a number of issues are presented, the *finding* in any *one* of which will warrant the verdict and judgment, it is competent to show that the finding was upon *one* rather than *another* of these different issues; if it appears *prima facie* that a question has been adjudicated, it may be proved by *parol* that such question was *not, in fact,* decided in the former suit; and where matters *could* have been proved in a former action, the presumption is that they were proved, but this presumption may be *rebutted* and overthrown. In the case of a *second* suit against the same defendants, unless *such* evidence is produced *as to such issues,* the former judgment is *prima facie* a protection to defendants. That the former judgment was by *agreement*, as in this case, will not aid plaintiff; it is, at least, to be taken as of the same force and effect

as if rendered by the court on the evidence received, under the pleadings.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed.*

Statement of case by the court.

This action was originally begun before a justice of the peace, on an account, in words as follows :

"Nancy M. Perkins and Wm. Wilmott in account with Wm. L. Lightfoot, Dr., Nov. 30, 1883, to $7\frac{1}{2}$ days work as brick mason, at $4 per day, ............$30.00."

On the back of the account there was this endorsement : "Without recourse, I assign within account to William Lightfoot.             M. A. SWITZER."

After trial in the justice's court, the defendant took an appeal to the circuit court, where the case was tried anew at the October term, 1884.

The bill of exceptions shows : "The plaintiff, to maintain the issues on his part, offered evidence tending to show that plaintiff rendered the services in his account mentioned, upon the Gapen building, at the instance and request of the defendants, and that the price charged was reasonable for such services. The plaintiff sought to recover on the promises of the defendants to pay for the services, and not on the ground that they had become the owners of the Gapen building. It was then agreed between the parties (*a*) that after said indebtedness had accrued to the plaintiff, he filed in the office of the clerk of the circuit court of Caldwell county a verified account for work and labor done on the Gapen building, for the purpose of obtaining a mechanic's lien on lot six, block three, in Kingston, on which said Gapen building was constructed ; in which account the balance claimed was the same amount claimed in this case. (*b*) It is further agreed that plaintiff afterward transferred, by written assignment, said account to Milton A. Switzer, and that

Switzer then brought suit on said account, with other accounts, against Heiser and others, in the circuit court of Caldwell county, to enforce said lien, and that in the count on the account herein sued on, he declared in that suit that he performed the work and labor upon the building at the instance and request of the defendants in this suit. That suit was against Heiser, as administrator of Gapen, Cora R. Gapen, Nancy M. Perkins, and William Wilmott.

"Defendants Perkins and Wilmott filed their answer to that suit, the substance of which was, that they denied all the allegations of the petition except (1) that Eli Gapen owned the lot in question and was engaged in constructing a brick building thereon; (2) that Mrs. Perkins loaned him funds, and was secured by deeds of trust on said property, as in the first count of the petition described; (3) that Gapen conveyed said property to Klepper, who conveyed the same to Mrs. Gapen, as therein stated; (4) that Gapen died, and Heiser was appointed administrator of his estate. And for further answer, Mrs. Perkins said that the sums loaned Gapen were loaned and secured by deeds of trust on said property, before Gapen began the construction of the building on said lot, and that the deeds of trust were the first liens on said lot, and entitled to priority of satisfaction out of the same.

"The following judgment was entered, by agreement, in that suit, to-wit:

"'Now, on this day, comes the parties hereto, and, by agreement, the plaintiff is to have judgment for the amount of the several counts in his petition filed herein, to be declared a lien on the real estate described in the petition, and to be levied of said real estate; it being further agreed that the several deeds of trust in favor of Nancy M. Perkins on said real estate be declared and held a prior lien on said real estate to the several demands of the plaintiff, as set forth in his petition. It is further agreed between the parties thereto that there is

due to the plaintiff, and he is entitled to recover, $74.34, on the first count of his petition; * * * thirty-one dollars on the eighth count; * * * and that the total amount due the plaintiff on the several counts in his petition is $452.99. It is also admitted and agreed that the several demands of the plaintiff were for work and labor performed, and material furnished, in constructing a building on lot number six, in block number three, in the town of Kingston. It is, therefore, ordered and adjudged by the court that the plaintiff recover the said sum of $452.99, and his cost herein expended; and that the same be levied of said real estate, to-wit: Lot six, in block three, in said town of Kingston, and that special *fieri facias* issue therefor.'

"It was then agreed that the account sued on is the one mentioned in the eighth count of the petition of Switzer against Heiser *et al.;* the same having been reassigned by Switzer to the plaintiff."

CROSBY JOHNSON, for the appellants.

I.   Where the subject-matter has been in litigation before, it will be deemed *res judicata,* unless the evidence precludes all hypothesis of the merits having been passed on. *Baxter v. Aubrey,* 41 Mich. 90; *Peterkin v. Thomas,* 28 Ohio St. 596. Where issue is joined so that evidence *might* have been introduced, the failure to introduce the evidence will not deprive it of its character of *res judicata. Railroad v. Straat,* 59 Mo. 351; *Cromwell v. Sac. Co.,* 94 U. S. 351; *Case v. Beauregard,* 101 U. S. 688; *Tutt v. Price,* 7 Mo. App. 194. And the fact that the judgment is indefinite and uncertain, will not alter the effect of a judgment rendered upon it. *Chouteau v. Gibson,* 76 Mo. 38.

II.   In the enforcement of a mechanic's lien the plaintiff is entitled to a personal judgment against *contractors,* as well as special judgment against the property. Sects. 3180, 3185, Rev. Stat.; *Williams v. Porter,* 51 Mo. 448; *Hassells v. Rust,* 64 Mo. 325. And the court

may grant any relief consistent with the case made, and embraced in the issues, whether asked or not. Bliss on Code Pleading, sect. 161. The omission to grant any relief to which the petition showed the plaintiff was entitled was equivalent to an adjudication that he was not entitled to such relief. Freeman on Judgments, sect. 272 ; *Caldwell v. White*, 77 Mo. 421. If the allegations of Switzer's petition were true, defendants were contractors. Whittelsey's Pleading, 187.

III. The causes of action set forth in Switzer's petition (former adjudication), were merged in the judgment in his favor. *Cooksey v. Railroad*, 74 Mo. 477 ; Freeman on Judgments, sect. 215. A party will not be allowed to try his case by piecemeal. *Brooks v. Ancell*, 57 Mo. 178 ; *White v. Van Houston*, 51 Mo. 577 ; *Wickersham v. Whedon*, 33 Mo. 56. And a judgment by agreement has the same force and effect upon all matters *in issue* in the cause as other judgments. *Reilly v. Hudson*, 62 Mo. 383 ; *Black v. Rogers*, 75 Mo. 441 ; *Nashville, etc., v. United States*, 113 U. S. 261 ; Freeman on Judgments, sect. 329 ; *Stapleton v. Dee*, 132 Mass. 279. Plaintiff could claim no greater rights than Switzer.

WILLIAM A. WOOD, for the respondent.

I. Before the matter of two actions can be *res judicata* there must be a concurrence of four conditions : (1) Identity in the thing sued for. (2) Identity in the cause of action. (3) Identity of persons and parties to the action. (4) Identity of the quality in the person for or against whom the action is brought. 2 Bouv. Law Dic. (15 Ed.) 579 ; *Clemens v. Murphy*, 40 Mo. 121 ; Big. Estop. (3 Ed.) 10. These necessary elements do not appear in the case at bar, and the case introduced in evidence, by defendants, on the trial below. No one is estopped in a proceeding *in rem* from *also* recovering a *personal* judgment for the same matter, especially if

the property charged fails to satisfy his claim, as in this case.

II.    If the *merits* of the matter in dispute were not passed upon, the judgment is no bar to another action. *Spalding v. Conway*, 51 Mo. 51 ; Phil. om Mech. Liens, sects. 212, 307, 311, 312; Big. on Estoppel, 37, 175 ; *Reilly v. Hudson*, 62 Mo. 383 ; *Barnes v. Railroad*, 71 Mo. 163 ; *Thompson v. School District*, 71 Mo. 465.    The record must show, to be an estoppel, that the issue was taken in the *first* suit, on the same allegations which are the foundation of this action.    *Spalding v. Conway*, 51 Mo. 51 ; *Spurlock v. Railroad*, 76 Mo. 67 ; *Railroad v. Traube*, 59 Mo. 353.

C. S. McLAUGHLIN, also, for the respondent.

I.    No personal judgment was asked against either of the defendants in the *first* suit, the sole object being to enforce a lien against the property.    In the present case, the record shows that recovery is sought on the promises of defendants to pay for the services.    The present parties were necessary parties to the *first* suit in order to enforce the lien against the property.    Sect. 3180, Rev. Stat. ; *Gail v. Blaikie*, 126 Mass. 274.    No *personal* judgment was asked for or rendered in the *first* suit, and it is no bar to the present action.

II.    The doctrine of *res judicata* is not applicable here.    There is no identity in the cause of action, or of persons, or of parties.    *Atchison Railroad v. Commissioners*, 12 Kas. 127; Freeman on Judgments, ch. 12.    It must appear, not only that the matter was properly in *issue* in the former trial, but also that the verdict and judgment necessarily involved its determination.    *Hickerson v. City of Mexico*, 52 Mo. 62; *Spalding v. Conway*, 51 Mo. 51.

III.    The claim made here is a distinct cause of action.    A judgment in a proceeding *in rem* is no bar to any future action on same demand.

ELLISON, J.—From the statement in this cause, it will be noticed that the account in this suit was originally plaintiff's, and that, after filing his mechanic's lien thereon in the clerk's office, he assigned it to M. A. Switzer; that Switzer then brought suit on it, in connection with other demands, in which suit the present defendants were defendants; and that he charged the work and labor was done at the instance and request of the present defendants; that they answered to that action, denying the allegation that the work was done at their request. That, in that action, a judgment was rendered by agreement, which judgment likewise covered the demand here sued on. It will be further observed that this judgment was special, against the property, and not personal, and after it was rendered Switzer assigned the account back to plaintiff, who instituted this action for a personal judgment against defendants, in which he gives evidence tending to prove the work was done at the instance and request of defendants, as was alleged in the suit by Switzer.

There were other matters stated in the abstract presented by the parties, but the above summary is believed to be sufficient to dispose of the case. It is said in *Hickerson v. City of Mexico* (58 Mo. 61), that "when a number of issues are presented, the finding in any one of which will warrant the verdict and judgment, it is competent to show that the finding was upon one rather than another of these different issues. * * * If it appears *prima facie* that a question has been adjudicated, it may be proved by parol testimony that such question was not, in fact, decided in the former suit. Where matters could have been proved in a former action, the presumption is that they were proved, but this presumption may be rebutted and overthrown." Under the allegations in the petition of Switzer, to enforce a mechanic's lien on this and other claims, it would have been competent to render judgment against defendants,

personally, for the claim in this suit.    They were not
only shown, by those allegations, to be interested in the
building sought to be charged, but the work was alleged
to have been done at their request.    The result of that
action was a judgment not against them personally.    It
certainly would, then, appear *prima facie* that the ques-
tion in this case was determined in that, and if plaintiff
asserted to the contrary, he should have offered parol
testimony to that effect.    He has not done so, so far as
is shown by the abstract not controverted by him.

That the judgment was by agreement, does not aid
plaintiff.    It is maintained by respectable authority that
such judgment is deemed an absolute settlement of all
matters in issue in the pleadings ; but that we need not
and do not decide.    It is, at least, however, to be taken
as of the same force and effect as if rendered by the
court on the evidence received under the pleadings.

The judgment is reversed.    The other judges concur.