THE STATE TO THE USE OF W. T. EVANS, Appellant, v. CHARLES W. ORAHOOD ET AL., Respondents.

St. Louis Court of Appeals, October 25, 1887.

1. EXECUTIONS—EXEMPTIONS.—Personal property is not exempt from execution when levied upon to satisfy a judgment for the purchase price thereof, unless the property has passed to an innocent purchaser for value.

2. —— NOTES FOR PURCHASE PRICE.—Such property in the hands of the vendee is not exempt from execution, although judgment on the note given for the purchase price has been recovered, not by the vendor, but by the assignee of the note.

3. —— The right to subject the property sold is incident to a note given for the purchase price, and passes to the assignee of the note.

APPEAL from the Clarke County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

BERKHEIMER & CALLIHAN, for the appellant: In order that the property sold shall be subject to execution the judgment must be obtained by the vendor, and must be founded on the contract of sale of the property. Rev. Stat., sect. 2353 ; Freeman, Ex'rs, sect. 217 ; *Buckingham v. Nelson,* 42 Miss. 487 ; *Harley v. Davis,* 16 Minn. 487 ; *Davis v. Peabody,* 10 Barb. 91 ; *Smith v. Slade,* 57 Barb. 637.

WOOD & MONTGOMERY, for the respondent: By taking a note for his debt, Farren did not waive any of the securities which attached to the debt. *Weymouth v. Sanborn,* 80 Am. Dec. 144, and 43 N. H. 171 ; *Clark v. Draper,* 19 N. H. 419 ; *Freedland v. McCullough,* 43 Am. Dec. 685 ; 1 Denio, 414 ; *Jones v. Hurst,* 67 Mo. 568. The character of the claim for purchase money was not changed by giving the note. It was still a claim for

purchase money in the form of a note, and it was proper for the court to go behind the execution, judgment, and note to ascertain the real nature of the debt. *Dennett v. Cutts*, 11 N. H. 163; *Clark v. Draper*, 19 N. H. 419; *Reed v. Defenbaugh*, 24 Pa. St. 495; *Weaver's Estate*, 25 Pa. St. 434. Section 2353 does not confer a lien, but the right conferred by it may in some cases partake of the character of a vendor's lien. *France v. Thomas*, 68 Mo. 80; *Menieke v. Bracksek*, 14 Mo. App. 315; *The Bolckow Milling Co. v. Turner*, 23 Mo. App. 103; *Parker v. Rodes*, 79 Mo. 88. A vendor's lien may be enforced by a general execution. *Reynolds v. Morse*, 25 Ia. 157; *Bills v. Mason*, 42 Ia. 320; *Blair & Co. v. Marsh*, 8 Ia. 144; *Rakestraw v. Hambleton*, 14 Ia. 151.

THOMPSON, J., delivered the opinion of the court.

This is an action upon a constable's bond for levying upon and selling a wagon which, the plaintiff claims, was exempt from execution. The wagon was purchased by the plaintiff and one Shuman, who were partners in business, of one Farren, for the sum of seventy-five dollars, for which sum the plaintiff and Shuman executed to Farren their promissory note, due nine months after date. This note was transferred before maturity by Farren to one Jordan. It was not paid at maturity, and Jordan brought an action upon it before a justice of the peace, in which service of process was had upon the present plaintiff, and judgment was rendered against him by default. An execution was thereupon issued, which was levied by the defendant, Orahood, as constable, upon the wagon for the purchase price of which the note had been given, and the same was sold thereunder.

This record presents for decision the question whether the wagon was exempt in the hands of this plaintiff as against the note given by him to Farren for the purchase money, in the hands of one who had purchased the note for value, of Farren. The question

arises upon certain rulings of the circuit court, in refusing to strike out a portion of an amended answer setting up this defence, in admitting in evidence a transcript of the justice's docket entries in the suit upon the note, and in ruling that the defendants might explain, by parol evidence, the justice's judgment, so as to show the consideration of the note upon which it was founded.

The questions presented are not free from difficulty, but we have come to the conclusion that the rulings of the circuit court were correct.

Our statute relating to executions exempts certain personal property from execution in the hands of heads of families and persons pursuing certain occupations. In so far as it does this, it may be regarded as establishing a general rule. . It then creates certain exceptions to this general rule, among them the following, embodied in section 2353, Revised Statutes : "Personal property shall, in all cases, be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall, in no case, be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." The question for decision here is, whether the transferee of a promissory note, given for the purchase price of a chattel, which chattel would, under the general rule created by the statute, be exempt from execution in the hands of the maker of the note, which transferee sues such maker upon the note and recovers an ordinary judgment thereon, recovers "a judgment against the purchaser for the purchase price" of the chattel, within the meaning of the statute ? We think that he does. It can not, we apprehend, be contended that the right to subject the chattel to the payment of the indebtedness for its purchase price is waived by the vendor by the mere fact of taking a promissory note from the purchaser. So far as we know, none of the decisions relating to the subject go so far. If we are right in this conclusion, the excep-

tion contained in section 2353, Revised Statutes, creates a privilege or incident, which inheres in the note, which is the evidence of the debt. Is this privilege, which may, in certain cases, be the only thing which gives any value to the note, destroyed by the mere fact of the note being transferred to a third person, who is a stranger to the original consideration? If this is so, the mere fact of negotiating such a note, in the course of trade, may impair or destroy the value of the note itself. The vendor of the chattel can not thereafter sue upon the original consideration, nor can the transferee of the note recover a judgment thereon which he can make available by means of an execution against the chattel, the sale of which formed its original consideration. Such a result would be contrary to the analogy of the well-understood rule that a transfer of a promissory note carries with it the transfer of a mortgage, vendor's lien, or any other securities for its payment which attached to it in the hands of its original holder.

We are aided to a considerable extent in the decision of this question by decisions in other jurisdictions, though it is to be regretted that they are not entirely uniform upon the question. In California and Georgia it is held that the assignment of a note given for the purchase money of a homestead, carries with it the preference of the vendor over the right of homestead of the vendee. *Dillon v. Byrne*, 5 Cal. 455 ; *Berrell v. Schie*, 9 Cal. 104 ; *Sponger v. Cumpton*, 54 Ga. 355 ; *Wofford v. Gaynes*, 53 Ga. 485. In the latter state it has been held that the assignee of a judgment founded on a note for the purchase money of land otherwise exempt as a homestead in the hands of the purchaser, can enforce it against the homestead of the judgment debtor. *Chambliss v. Phelps*, 39 Ga. 366. In Ohio it has been held that a judgment creditor of a vendee of land may subject the land to the payment of his judgment, in like manner as the vendor might have done it, showing the assignable nature of this right.

*Edwards v. Edwards*, 24 Ohio St. 202. In this state the analogous question of the assignment of a vendor's lien by a transfer of a promissory note given for the purchase money of land, which is in conflict in other jurisdictions, has been resolved in favor of the rule that such a transfer carries with it the lien without reference to the form of the note. *Sloan v. Campbell*, 71 Mo. 387; see, also, *Adams v. Cowherd*, 30 Mo. 458.

It is true that it has been held in Texas that the transfer of a note given for the purchase price of a homestead, does not pass to the transferee the preference over the homestead exemption, which inhered in the note in the hands of its original holder (*Malone v. Kaufman*, 38 Tex. 354); and in Michigan the same ruling has been applied to the transfer of a note given for the purchase price of a chattel, which is the precise case now before us, the latter court reasoning that if such an incident would follow the note to the first transferee, it would follow it through any number of substitutions, and that the purchaser of a note purchases merely what the face of the note imports, namely, the promise of the maker to pay a certain sum, and does not purchase anything inhering in the original consideration of the note. This reasoning does not commend itself to our approbation. We fail to see what evil would flow from the fact of such an incident following the note through any number of changes and substitutions; nor can we understand why the mere transfer of a note in the course of trade, a thing which is so important to commerce, should operate to destroy a valuable quality of the note itself.

It is true that some inconvenience and peril may accrue to levying officers from a rule which either obliges or permits them to look outside of the execution and the record of the judgment on which it is founded, in order to ascertain its leviable quality. There are other cases, we apprehend, where such officers must do this. We do not decide that such an officer is bound so

to do in a case such as the one which presented itself to this constable, when he was called upon to make the levy for which this action is brought. We do not decide that he might not have refused to make it, that question not being before us; but we decide that it was lawful for him to make it, the debt which was the foundation of the judgment being a privileged debt as against the exemption law.

The remaining question is, whether parol evidence was properly admitted to show that the judgment under which the constable levied the execution was founded upon a note given for the purchase money of the chattel levied upon. Such evidence is, of course, inadmissible to contradict or vary a judicial record; but in many cases the qualities or incidents of a judgment, in so far as the same are not shown by the record itself, may be shown by parol. For instance, parol evidence is admissible to show whether a particular question was determined in a former suit. *Hickerson v. Mexico*, 58 Mo. 61; *Armstrong v. St. Louis*, 3 Mo. App. 100. Or that particular matters were not determined in a former suit which *prima facie* appear to have been. *Lightfoot v. Wilmot*, 23 Mo. App. 5. We do not regard the decision of this court in *Daudt v. Harmon* (16 Mo. App. 202, 208), as in conflict with what is here laid down. It was there held that it was not admissible, in order to sustain a sale of homestead property made by an administrator, under an order of court, in an action of ejectment founded upon his deed, that one of the debts in the list filed with the application for the order of sale, was, in fact, contracted before the homestead was acquired, and hence, privileged against the homestead right. The reason assigned was that this would open the door to frauds at such sales.

The judgment of the circuit court will be affirmed, with the concurrence of all the judges.