WEIL ET AL., APPELLANTS, v. NEVITT, APPELLEE.

1. EXEMPTION STATUTE—LIQUORS EXEMPT, WHEN.

The words "stock in trade" in the exemption statute apply to the merchant or shopkeeper, as well as to the mechanic, and include the stock of goods kept on sale by the merchant.

So long as the government recognizes the sale of intoxicating liquors as lawful, anyone regularly carrying on business as a saloon keeper is entitled to the benefit of the exemption statute as a liquor merchant; his liquors are his "stock in trade."

2. NONSUIT.

An erroneous ruling upon a motion for nonsuit may be cured by evidence afterwards introduced.

3. INSTRUCTION TO JURY.

Where, at the trial, the existence of a fact controverted by the pleadings is practically conceded or established by clear and undisputed evidence, its existence may be assumed in the charge of the court without prejudice to the substantial rights of the parties; and such charge, though technically erroneous under the issues, will not be regarded as error requiring a reversal of the judgment.

4. PROVISO OF EXEMPTION STATUTE.

Each specific article of property is liable to levy and sale to satisfy the *vendor* for the purchase money for said article, even though the same be otherwise exempt. But if the vendor takes a promissory note for the property sold, and transfers the note to a third party, such voluntary transfer of the note does not convey with it to the assignee the right to resort to exempt property to satisfy a judgment which he, as assignee, may recover upon the note.

5. REVIEW BY APPELLATE COURT, LIMITED.

As to matters assigned for error outside the record proper, the review by an appellate court should be confined to matters fairly presented before the trial court, and upon such review counsel should present their whole case in their first argument.

*Appeal from the District Court of Arapahoe County.*

ACTION to recover treble damages for the seizure of exempt property. The action is founded upon the following statutory provisions:

" The following property, when owned by any person being the head of a family and residing with the same, shall be exempt from levy and sale upon any execution or writ of attachment, or distress for rent, and such articles of property shall continue exempt while the family of such person are removing from one place of business to another within this state: * * *

" The tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value, * * *

" *Provided further*, That no article of property above men-

tioned shall be exempt from attachment, or sale on execution for the purchase-money for said article of property.

"If any officer or other person, by virtue of any execution or other process, or by any right of distress, shall take or seize any of the articles of property hereinbefore exempted from levy and sale, such officer or person shall be liable to the party injured for three times the value of the property illegally taken or seized, to be recovered by action of trespass, with costs of suit." Gen. Stats., secs. 1866, 1868; Mills' An. Stats., secs. 2562, 2564.

From the record the following facts appear: Nevitt, the appellee herein, had been engaged in business, selling liquors and cigars in Denver, Colorado. While thus engaged certain property kept by him for the purpose of carrying on said business was seized by appellant Stevenson, as constable, by virtue of an execution upon a judgment in favor of appellant Weil against one George E. Miller, Nevitt being engaged in business under the name of George E. Miller. Thereupon Nevitt made a written demand upon each of appellants requesting them to deliver to him the following articles so seized, he (Nevitt) claiming to be the head of a family with whom he was then residing in this state, and that said property was his stock in trade and so exempt from levy and sale under the statute, to wit: "two barrels of whisky, seventy-five gallons; one keg of blackberry brandy, four gallons; one bottle of absinthe, four bottles of claret, four bottles of beer and three rubber spittoons, of the value of $200."

Appellants refused to deliver the property to Nevitt, and thereupon he instituted this suit and recovered judgment for three times the value thereof. To reverse such judgment this appeal is prosecuted.

Messrs. OSBORNE & TAYLOR, for appellants.

Mr. W. B. FELKER, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Only a few of the matters assigned for error need to be noticed in this opinion.

1. Since this appeal was taken, the words " stock in trade " in the exemption statute have been held to apply to the merchant or shopkeeper, as well as the mechanic, and to include the stock of goods kept on sale by the merchant, as well as the tools of the mechanic or miner. This question was thoroughly considered in an opinion prepared by Mr. Commissioner Pattison and approved by this court. The reasoning of that opinion need not be repeated. See *Martin v. Bond*, 14 Colo. 466.

No matter what opinion individuals may entertain regarding the expediency or morality of the liquor traffic, so long as the government recognizes the sale of intoxicating liquors as lawful, any one regularly carrying on business as a saloon keeper is entitled to have his property in such liquors protected the same as other property; he is a liquor merchant, and his liquors are his " stock in trade."

2. At the trial, defendants moved for a nonsuit upon the ground that plaintiff did not give sufficient evidence of the license under which he claimed to be doing business at the time of the seizure of the goods. This motion was overruled. The defendants, also, objected that the charge of the court to the jury allowed a recovery in favor of plaintiff without proof that he was a duly licensed saloon keeper. It is unnecessary to determine whether plaintiff was bound to aver and prove that he was a duly licensed saloon keeper in order to maintain an action of this kind. For, even if the evidence offered in his own behalf was not sufficient to sustain such averment, the evidence introduced by defendant clearly showed the existence of the license. Hence, the ruling upon the motion for nonsuit, even if erroneous at the time, was cured by the defendant's evidence; and the instruction, even if defective as an abstract proposition of law, was harmless error. *D. & R. G. Ry. Co. v. Henderson*, 10 Colo. 1; *Horn v. Reitler*, 15 Colo. 316.

3. In general, an instruction which assumes the existence

of a fact controverted by the pleadings, or which ignores
evidence tending to prove a material fact which, if estab-
lished, would change the rights of the parties, is erroneous.
But, where, at the trial, the existence of a fact controverted
by the pleadings is practically conceded or established by
clear and undisputed evidence, its existence may be assumed
in the charge of the court without prejudice to the substan-
tial rights of the parties, and such charge, though technical-
ly erroneous under the issues, will not be regarded as error
requiring a reversal of judgment.  2 Thompson on Trials,
sec. 2295; *Venine v. Archibald*, 3 Colo. 169; *Dyer v. McPhee*,
6 Colo. 174; *City of Boulder v. Niles*, 9 Colo. 415; *Hughes v.
Monty*, 24 Iowa, 499; *Caldwell v. Stephens*, 57 Mo. 589;
*United States v. One Still*, 5 Blatch. C. C. 403.

The latter part of the foregoing rule applies to the fol-
lowing averments of the complaint in this case: (1) That
plaintiff was a licensed saloon keeper, (2) that he was the
head of a family with whom he resided in this state, (3) that
he was the owner of the property which he claimed as ex-
empt, and (4) that he was doing business under the name
and style of George E. Miller.  There was no evidence that
any deception or fraud was intended by plaintiff in carrying
on his business under such name.

The proposition that plaintiff was not entitled to exemp-
tion for stock in trade to the full statutory amount, because
he was possessed of a license having a monetary value, is
untenable.  The case of *Yates v. Gransbury*, 9 Colo. 323,
does not support such a view of the law.

4. Under the proviso of the statute, each specific article
of property is liable to levy and sale to satisfy the *vendor* for
the purchase money for said article, even though the same be
otherwise exempt.  Gen. Stats., sec. 1866; Mills' An. Stats.,
sec. 2562.  It was practically so held in the case of *Behymer
v. Cook*, 5 Colo. 395.

It will be observed that the judgment under which the
levy was made in the Behymer case was obtained for the
purchase price of the specific property levied on, and that

the judgment was in favor of the very parties who had sold the property to Behymer; their action was brought for the purchase money. But in the case now under consideration the action was brought by the assignee of certain promissory notes; and, though the property levied on formed the original consideration for the notes, yet, the action by the assignee is distinguishable from an action for the purchase money of such property. As assignee, the appellant Weil, was a stranger to the original consideration of the notes. He enjoyed many advantages as such assignee; but his right of action was limited to the notes. He could not have an action for the purchase money as such, because he was never the owner of the property sold. In his hands the notes did not represent the purchase money of property which he had sold; he had never owned the property; the notes represented only what he had paid for them.

When a vendor sues and recovers judgment for the purchase price of property which he has theretofore sold, the statute gives him the right to have execution against the property so sold while the same remains in the hands of his vendee, notwithstanding such property may be exempt from levy and sale for any other purpose. The proviso in the exemption statute is for the protection of the vendor who has parted with his property without getting his pay for it; it is a privilege personal to the vendor. If the vendor takes a promissory note for the property sold, and transfers the note to a third party, such voluntary transfer of the note does not carry with it to the assignee the right to resort to exempt property to satisfy a judgment which he as assignee may recover upon the note. Whether the heir or personal representative of a deceased vendor would succeed to the privilege of his decedent under the proviso of the exemption statute is not involved in this controversy. The privilege which the statute secures to the vendor would seem to bear a close analogy to the vendor's lien for the purchase price of real estate. *Shepard v. Cross*, 33 Mich. 96; *Baum v. Grigsby*, 21 Cala. 173; *Welborn v. Williams*, 9 Ga. 86.

The remaining assignments of error need not be discussed. The record discloses no substantial error. The judgment of the district court must be affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM. It appears that the goods of Nevitt were first attached by virtue of the writ from the justice's court on March 15, 1888. On the next day, March 16, Weil and Stevenson were notified in writing that the goods were claimed as exempt and their release was then demanded. Judgment was rendered and special execution issued from the justice's court for the sale of the attached property on March 21, 1888; and again, on that same day, Nevitt by another written notice claimed and demanded the release of the property.

On the trial of this action Nevitt was asked if he was the head of a family residing in this state at the time of the service of the notice demanding the release of the property. He answered that he was, and gave the particular place of his residence in the city of Denver. Nevitt was cross-examined as to both notices, but no evidence was elicited from him or any other witness tending to show that he was not the head of a family and residing with the same in this state when his goods were attached.

It is now claimed that the evidence does not show that Nevitt was the head of a family and residing with them in the state *on March* 15, when the property was first attached. This slight discrepancy in dates does not appear to have been noticed in any way at the trial, nor was it noticed in argument in this court until the filing of the petition for a rehearing. We cannot, of course, say what the proof might have been if further evidence touching plaintiff's family relations and residence at the time of the levy, had been taken at the trial; it is quite manifest, however, that in the court below, the evidence was accepted as sufficient to show that he was entitled to the benefit of the exemption laws as

the head of a family; and that, in that court as in this, his claim to exemption was contested upon other grounds.

As to matters assigned for error outside the record proper, the review by an appellate court should be confined to matters fairly presented before the trial court, and upon such review counsel should present their whole case in their first argument. A question like the one now under consideration should not be entertained for the first time in a petition for a rehearing. 1 Thompson on Trials, sec. 693; 2 Thompson on Trials, secs. 2394, 2773, 2778; *Knoth v. Barclay*, 8 Colo. 305; *Higgins v. Armstrong*, 9 Colo. 57; *D. & R. G. Ry. Co. v. Ryan*, 17 Colo. 98.

Counsel for appellants now cite the case of *State v. Orahood*, 27 Mo. App. 496, to the effect that the assignee of a promissory note given for the purchase price of personal property may levy upon such property to satisfy a judgment based upon such note, notwithstanding the property may be otherwise exempt from execution. The rule thus announced materially abridges the protection of the exemption statute, and is contrary to the rule of liberal construction adopted by this court. It is foreign to the spirit as well as the letter of the statute that a mere voluntary assignee of a simple promissory note should have any claim upon the original consideration of such note. Such a rule impresses upon negotiable instruments a quality not expressed upon their face. Moreover, the rule is altogether unnecessary. If the vendor of personal property desires to retain a lien for the purchase price which he can transfer, let him take a chattel mortgage, and thus give notice to all parties dealing with the property, and cut off all claims to exemption.

The other points upon which a rehearing is urged require no further opinion. The rehearing is denied.

*Rehearing denied.*