[No. 5424.]
[No. 3082 C. A.]

YOUNG ET AL. V. THE PLATTNER IMPLEMENT COMPANY.

1. Practice in Civil Actions—Corporations—Corporate Existence —Denial—Estoppel.

Where defendants signed the note sued on, which recites that the payee is a duly organized corporation, they are estopped to deny the corporation's legal existence, since the case falls

5

within the rule that defendants, having dealt with plaintiff in its corporate capacity, are estopped from denying its legal existence.—P. 67.

2.  Sales—Implied Warranty—Knowledge of Fitness.

The rule that, where a dealer contracts to supply an article to be applied to a particular purpose, the buyer trusting to the dealer's judgment or skill, there is an implied warranty of fitness, does not apply where the purchaser has equal means of knowledge as to the fitness of the thing purchased for the purpose intended, nor where the dealer informs the buyer that he has no personal knowledge of the article purchased.—P. 67.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Albert S. Frost, Judge.*

Action by The Plattner Implement Company against John S. Young and Fred Hays. From a judgment for plaintiff, defendants appeal.

*Affirmed.*

Mr. THOMAS W. LIPSCOMB, for appellants.

Messrs. BROWN, DE LAPPE & SACKMAN, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This appeal is from a judgment of the county court rendered upon an appeal from a justice court.

The suit was to recover the amount of a promissory note given by appellants to appellee in payment of a farming implement.

At the close of plaintiff's evidence defendants moved a nonsuit which was denied. This ruling is assigned as error.

The abstract of record does not embody this motion, so that we are unadvised as to the grounds upon which it was based, except as we gather the same from appellants' brief, from which it seems

that it was upon the ground that the incorporation of plaintiff had not been proved.

The note sued upon was introduced in evidence, which recited: "The Plattner Implement Company, a corporation duly organized under the laws of Colorado," as payee.

A witness testified that he was an officer of The Plattner Implement Company and saw the defendants sign the note.

If the court erred in overruling the motion for a nonsuit, based upon the failure of the evidence to establish plaintiff's cause of action, which we do not decide, such error cannot avail appellants upon this appeal, for the reason that both appellants testified to the execution of the note, which recites that it was payable to "The Plattner Implement Company, a corporation duly organized under the laws of Colorado."—*Horn v. Reitler,* 15 Colo. 316; *D. & R. G. Ry. Co. v. Henderson,* 10 Colo. 1; *Weil v. Nevitt,* 18 Colo. 10.

The case therefore falls within the rule that defendants having dealt with plaintiff in its corporate capacity, are estopped from denying its legal existence.—*Holmes F. & F. Co. v. Com. Nat. Bank,* 23 Colo. 210, and cases cited.

The defense was the failure of consideration, in that, there was a breach of warranty of the implement sold, for which the note was given.

The abstract of the record contains no evidence of an express warranty.

The rule of implied warranty relied upon is:

"It is believed that the weight of authority sustains the rule that where a dealer contracts to supply an article in which he deals, to be applied to a particular purpose, so that the buyer trusts to the judgment or skill of the dealer, there is an implied warranty that it shall be reasonably fit for the purpose

to which it is to be applied.''—15 Am. & Eng. Ency. Law (2d ed.) 1235.

In the same paragraph of the citation, at page 1236, an exception is thus stated:

''This rule, of course, does not extend to cases where the purchaser and the seller have equal means or knowledge as to the fitness of the thing sold for the purpose for which it is sold, or where the dealer informs the buyer that he has no personal knowledge of the article purchased.''

There is ample evidence in the record to warrant the court in finding that the case came within the exception.

Perceiving no error in the record the judgment will be affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.