———o———

SILAS L. HICKERSON, Appellant, vs. CITY OF MEXICO, Respondent.

1. *Trespass for seizing plaintiff's land—Dedication—Res adjudicata.*—Plaintiff sued a municipality in trespass for plowing, scraping and digging ditches upon his land, and claimed that the same was worth a thousand dollars, and that he was injured to that amount. Defendant pleaded a dedication of the land to public use. Judgment was rendered in favor of plaintiff for eighty dollars, and the judgment was satisfied. In subsequent suit by plaintiff against the

corporation for trespass in afterward seizing the same land, *held*, that the former judgment was conclusive against defendant as to the dedication ; but that plaintiff might introduce the record of the former suit, and also parol evidence to show that the title and value of the property was not adjudicated in that suit.

2. *Res adjudicata—Former finding—Parol evidence as to.*—Parol evidence is proper in order to show whether a question was determined in a former suit, where the record is not conclusive on that point. The record may be first introduced, and it may then be followed by such parol evidence as may be necessary to give it effect, or show on what issues it was grounded.

Where a number of issues are presented, the finding on any one of which will warrant the verdict and judgment, it is competent to show that the finding was upon one rather than another of these different issues.

3. *Res adjudicata—Evidence aliunde as to, may be introduced, when.*—In order to show by evidence *aliunde* that a matter is *res adjudicata*, it must appear not only that it was properly in issue in the former trial, but also that the verdict and judgment necessarily involved its determination.

4. *Res adjudicata—Presumptions as to.*—Although it appears *prima facie* that a question has been adjudicated, it may be proved by parol testimony that such question was not in fact decided in the former suit.

5. *Res adjudicata—Presumptions as to proof.*—Where matters could have been proved in a former action, the presumption is that such was the fact ; but this presumption may be rebutted.

6. *Eminent domain—Appropriation of land by corporation—Measure of damages.*—Where land is taken by a corporation and appropriated to its own use, the entire value of the land is the proper measure of damages. And after receiving the full value, plaintiff cannot again interfere with the land or bring a new action.

*Appeal from Audrain Circuit Court.*

*Craddock, Musick and McFarland,* for Appellant.

I. Defendant's evidence of a dedication should have been excluded, because it was *res adjudicata.* (Freem. Judg., §§ 249, 310 ; Ridgely vs. Stilwell, 27 Mo., 128 ; Edgell vs. Sigerson, 26 Mo., 583 ; Offutt vs. John, 8 Mo., 120 ; Bent vs. Sternberg, 4 Cowan, 559 ; Dunkle vs. Wiles, 6 Barb., 515 ; 1 Kern, 420.)

II. Plaintiff's evidence as to value of ground, and of what had been submitted and passed upon by the jury in the trespass case should have been admitted. (Soulard vs. City of St. Louis, 36 Mo., 546 ; Tamm vs. Kellogg, 49 Mo., 118 ; Freem. Judg., § 273 ; Spradling vs. Conway, 51 Mo., 51 ; Wright vs. Salisbury, 46 Mo., 26.)

*Forrest & Ladd and J. R. Williams*, for Respondent.

I. The judgment offered in evidence was conclusive as to the value of the lands, and the law conclusively presumes that all evidence which could be legally offered under the issues joined was offered, and that the jury considered all the facts bearing upon the claim of damages, consistent with the pleadings, and as to all matters which in fact were or well might have been investigated by the jury, were so investigated. (LeGuer vs. Governor, 1 John. Cas., 436 ; Cooper vs. Martin, 1 Dana, 27 ; Grant vs. Button, 14 John., 377 ; White vs. Marsh, *Id.*, 232 ; Holden vs. Curtis, 2 N. H., 268 ; Loring vs. Mansfield, 17 Mass., 394 ; Rowe vs. Smith, 16 Mass., 306 ; Kirt vs. Atchison, 2 Camp., 63 ; Lumiss vs. Pulver, 9 John., 244.)

It follows then, that appellant could not show by parol what evidence was before the jury, or what was passed upon by them in finding the damages announced in their verdict, and that the court did not err in excluding the evidence offered.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff applied for and obtained a temporary injunction to restrain the defendant by its agents and servants from committing a trespass upon his property. From the record it appears that the land upon which the alleged trespass was about to be committed, was a traveled road within the corporate limits of the defendant.

Some time prior to the institution of this proceeding, the plaintiff had commenced his action against the defendant for trespass committed upon the same land, in plowing, scraping and digging ditches thereon. In that case he alleged that the land was worth $1,000, and that he was injured in that amount.

To the petition therein the defendant filed its answer, averring that the land was a traveled street within its limits ; that it had been used as such for a long time, and that it was dedicated to the public.

Upon this issue the parties went to trial, and there was a verdict and judgment for the plaintiff for the sum of eighty dollars, which the defendant subsequently satisfied. After this judgment plaintiff inclosed the ground, and the defendant directed its servants to tear down the inclosure and open the premises to public travel, to prevent which plaintiff applied for the injunction herein.

The defendant in its answer to this suit, set up substantially the same facts which were contained in its answer to the action of trespass, namely, that the ground was a street dedicated to public use.

Upon the hearing of the case, plaintiff introduced in evidence the record of the former action between the same parties. He then offered to show by witnesses, that in that case the only issue presented to the jury and passed upon, was the injury caused by the plowing, scraping and ditching, constituting the trespass complained of, and that the title to the land was not drawn in question, nor was there any testimony in reference to its value. This testimony was excluded by the court. Defendant was then permitted to give evidence tending to show that the land was appropriated and dedicated to public use, to which plaintiff objected. The court then dismissed the bill and plaintiff appealed.

The court erred in allowing defendant, against plaintiff's objections to introduce testimony tending to show that there was an appropriation or dedication of the land for public purposes. That precise question was tried between the same parties in the action for trespass, which was in evidence and was conclusive of the right. Had there been a dedication there could have been no recovery by the plaintiff, and as the matter was determined, it was not open to further contest or dispute.

A judgment in trespass grounded upon the theory that the land belonged to the plaintiff, where a right of way or dedication is pleaded and the finding is adverse to the right claimed by the defendant, is conclusive upon that question in any other action between the same parties. It is not sim-

ply the recovery, but the matter adjudicated in reference to the dedication that creates the estoppel. (Freem. Judgm., § 310; Outram vs. Morewood, 3 East., 346; Warwick vs. Underwood, 3 Head, 238.)

The evidence offered by the plaintiff to show upon what issue the trespass case was decided should have been admitted. It is undoubtedly true that in some of the earlier cases, it was decided that a judgment was conclusive as to all facts arising upon the record which were or might have been passed upon. But it is now generally, if not universally, conceded, that parol evidence may be received for the purpose of showing whether a question was determined in a former suit.

The record may first be put in evidence, and then it may be followed by such parol evidence as may be necessary to give it effect, or show on what issue it was grounded. When a number of issues are presented, the finding in any one of which will warrant the verdict and judgment, it is competent to show that the finding was upon one rather than another of these different issues. In order to show by evidence *aliunde* that a matter is *res judicata*, it must appear not only that it was properly in issue in the former trial, but also that the verdict and judgment necessarily involved its determination.

If it appears *prima facie* that a question has been adjudicated, it may be proved by parol testimony that such question was not in fact decided in the former suit. Where matters could have been proved in a former action, the presumption is that they were proved, but this presumption may be rebutted and overthrown. (Freem. Judg., §§ 273, 274, and cases cited; Packet Co. vs. Sickles, 24 How., 333; Same vs. Same 5 Wall., 580; Bell vs. Hoagland, 15 Mo., 360; Clemens vs. Murphy, 40 Mo., 121; Wright vs. Salisbury, 46 Mo., 26; Wells vs. Moore, 49 Mo., 229; Spradling vs. Conway, 51 Mo., 51.)

The pleadings in the trespass case alleged the full value of the land, and then by an averment declared that defend-

ant, by its agents and servants, entered thereon with teams, plows and scrapers, and plowed up the land and cut ditches by which plaintiff was injured, etc. The question of the value of the land was not necessarily involved in deciding upon the trespass.

If the defendant took the land and appropriated it to its own use, then the entire value of the land would be the proper criterion or measure of damages. And after having received the full value, the plaintiff could not again interfere with the land, or bring a new action. (Mueller vs. St. Louis & I. M. Railw., 31 Mo., 262; Soulard vs. City of St. Louis, 36 Mo., 546.) The ultimate and final determination must depend upon what theory the damages were assessed in the trespass suit.

Grave doubts are entertained as to whether injunction was the proper remedy here, but as that point was not raised or discussed by the counsel for the respondent, I have thought it better to waive the question and look into the merits of the case. The result is that the judgment must be reversed and the cause remanded. The other judges concur.