The State ex rel. Douglas County v. Alsup.

## THE STATE *ex rel.* DOUGLAS COUNTY V. ALSUP, *Administrator, et al., Appellants.*

1. **Taxes, Collection of:** COLLECTOR'S COMMISSIONS. Under the provisions of the acts of 1877 ( Laws, pp. 253, 382, 389) a collector of taxes, who was not a defaulter on his bond, was entitled to retain his commissions on his collections, and was not required to pay them into the county treasury.

2. **Collector's Bond, Action on.:** LIABILITY OF SURETIES. The sureties on the bond of a collector for his second term, not being the same as the sureties on his bond for his first term, are not liable for delinquencies during his first term, and are entitled to avail themselves of all payments made by their principal during their term, and all such payments should go to lessen their liability.

3. ———— : ———— : RES JUDICATA : EVIDENCE : BURDEN OF PROOF. A suit on the bond of the collector for his first term would, *prima facie,* settle all matters then existing between the parties litigant. But it would be competent to show by parol that matters apparently included in the judgment were not then adjudicated ; but the burden of showing this would lie on the party asserting it.

4. **Road Taxes, How Credited :** RECEIPTS. Where, under the law, the road tax is levied and collected as the state and county taxes, with the proviso that it may be paid in labor on the public roads, receipts being given by the road overseers to those who worked out their tax, who in turn handed them to the collector, as their, and his, voucher, and money collected by the collector being receipted for by the road overseers of the proper road districts, these receipts of both kinds are designed to exonerate the collector and wipe out the charge against him on account of the road tax, and it makes no difference that the collector is not required to pay any money into court on this account.

*Appeal from Webster Circuit Court.*—HON. BEN. V. ALTON, Judge.

REVERSED AND REMANDED.

*D. H. McIntyre* and *Thomas H. Musick* for appellants.

(1) If proper charges had been made and credits given and commissions allowed, Alsup would not have appeared as a defaulter on either bond. (2) But, so far as the first term is concerned, the whole matter is *res judicata*, and the settlement of January 19, 1877, the judgment thereon and payment thereof are conclusive of the rights of all parties on the first bond and to that date. *Outram v. Moorewood*, 3 East, 346 ; *Railroad v. Commissioners*, 12 Kansas, 127 ; *Packet Co. v. Sickles*, 5 Wall. 580, 592 ; *Wood v. Jackson*, 8 Wend. 10, 16, 31, 36 ; *Hollister v. Abbott*, 11 Foster, 442, 448 ; *Packet Co. v. Sickles*, 24 How. 333, 343 ; *Dunford's Succession*, 1 La. An. 93 ; *Ehle v. Bingham*, 7 Barb. 497 ; *Miller v. Maurice*, 6 Hill, 114 ; *Laurence v. Hunt*, 10 Wend. 82 ; *Hickerson v. The City of Mexico*, 58 Mo. 61, 65 ; *Chouteau v. Gibson*, 78 Mo. 38, 45 ; *Peake v. Jamison*, 82 Mo. 552, 557. (3) Therefore, the rejected payments made between January 19, and September, 12 1877, should be all credited on the second term. This would overpay the deficit ( $490.08), found by the referees and court, by $1,320.79. (4) We are entitled on the second term to the commissions found by Referee Stewart, eight hundred and ninety-six dollars. This added to the balance claimed in the last paragraph would give $2,216.79 as the credit balance in favor of defendant ( W. S., sec. 147, p. 1188 ; sec. 1, act of May 2, 1877, p. 253), and he was not required to pay his commissions into the treasury, but was authorized to retain them. Sec. 1, act of March 28, 1877, p. 389 ; sec. 16, act of April 28, 1877, p. 382. The amount of the judgment was for less than the sum of the commissions. The sum of the commissions was not disputed ; the court only found that he was not entitled to commissions. But as the

collector was not required to pay his commissions in, no duty was required, under his bond, as to this matter, and, hence, there could be no breach of his bond on that account. *Turpin v. McKee*, 7 Dana, 301. (5) But, even were these rejected payments disallowed, there can be no good reason why we should not have the commis-missions, eight hundred and ninety-six dollars, found on second term by Referee Stewart. This alone would overpay the $490.08 deficit found and leave a balance of $405.92 in our favor. The statute does not require com-sions to be paid over, but leaves them in the hands of the collector. When the collector pays over all moneys collected, except his commission, there can be neither law nor reason in saying that he is a defaulter, and shall not have his commissions ; and he cannot be a defaulter unless he retains and fails to account for a sur-plus of the revenue which comes into his hands over and above his commission. *United States v. Babbitt*, 5 Otto, 334; *United States v. Babbitt*, 1 Black. 55.

*F. S. Heffernan* for respondent.

(1) The report of the referee stands as the verdict of a jury. *Perry's Adm'r v. Maguire*, 31 Mo. 287; *Benevolent Ass'n v. Kribben*, 48 Mo. 37; *Franz v. Dietrick*, 49 Mo. 95; *Hays v. Hays*, 26 Mo. 123; *Maguire v. McCaffrey*, 24 Mo. 552. (2) Objections to the report of the referee cannot be made for the first time in this court. *Elwardson v. Garnhart*, 56 Mo. 81 ; *Reinecke v. Jod*, 56 Mo. 386. (3) The appellant having failed to pay the taxes and the licenses into the state and county treasuries, as provided by law, is not entitled to commission on money thus held, and should pay a penalty of ten per cent. R. S., sec. 6782.

SHERWOOD, J.—Action on bond of J. S. Alsup, for-merly collector of Douglas county. He being dead, this suit was brought in the circuit court of Douglas county

against his administrator, and against his sureties on his second bond, and the cause was removed, by change of venue, to the Webster circuit court, where judgment went on the bond, and execution was ordered to issue for the sum of $490.08. On settlement with the county court, on the nineteenth day of January, 1877, by the collector for his first term, i. e., for the years 1875 and 1876, a balance was found against him of $889.71, and action being brought therefor against his administrator and the sureties on the first bond, judgment was recovered for that sum, and that judgment satisfied. The sureties on the second bond, the one now in suit, are not the same as those on the bond for the first term. The record in this cause is wonderfully confused, and the finding of the trial court is based on the action of the two referees, who differ as to the amount which should be allowed for the collector's commissions, to the extent of $1,388.63.

The defendants asked the following declarations of law :

"1. That unless Collector Alsup was a defaulter, he was entitled to commissions on his collections ; and, if his payments, together with his commissions thereon, equal or exceed his liability on the bond of 1877–'78, he is not a defaulter, and is entitled to have his commissions allowed."

"2. That the settlement of Collector Alsup with the county court, on nineteenth of January, 1877, for the term of 1875–'76, in which a balance was found of $889.71 against him, and the judgment of this court on said bond for said term in said sum of $889.71, and the payment thereof, are conclusive of the liabilities and payments on said term and bond, and all liabilities of said collector accruing after said nineteenth of January, 1877, from tax-books, back tax-books, and delinquent lists, and all collections thereafter made, are chargeable wholly and only to the second term and on the

second bond; and all payments made after January 19, 1877, are properly credited to the term and bond of 1877–'78.''

Which the court refused to give. Under the law, the collector was allowed to retain his commissions. Acts 1877, p. 253, sec. 1; *Ib.*, p. 389, sec. 1; *Ib.*, p. 382, sec. 16. If, as appears to be the case, Alsup was not a defaulter on his bond for his last term, he was entitled to his commissions.

With one exception, I see no objection to the second declaration of law. A party suing is not allowed to split his cause of action; and even if he were, the sureties on the second bond would be liable only for the collector's delinquency on such bond, and, *prima facie*, the suit on the first bond would settle all matters then existing between the parties then litigant. Under the ruling made in *Hickerson v. City of Mexico*, 58 Mo. 61, it is competent to show, by parol, that certain matters, apparently included in a judgment, were not then adjudicated; but, certainly, the burden of showing this lies on the party asserting it, so that, under the case just cited, the judgment rendered in the first instance was not conclusive, unless it should appear that the matter claimed to be *res judicata* was properly in issue in the former trial, and necessarily involved in its determination. But in no event can I see how the sureties in the second bond are, in any way, liable for former delinquencies; and, certainly, if collections were made and paid over during their term, they should have the benefit while they have to bear the burden. Manifestly, their responsibility cannot be extended to a period anterior to the time when they signed the bond in suit, nor can they be precluded from availing themselves of all payments made by their principal, which, in strictness, should have gone to lessen their liability.

An exception was made by defendants to the referees charging Alsup with the road tax to the amount

of $252.30. In this it is claimed the referees erred. Under the law, as it then existed, the road tax was levied and collected as the state and county taxes, with the proviso, however, that such tax could be paid in labor on public roads, receipts being given by the road overseer to those who worked out their tax, who, in turn, handed them to the collector as their, and his, voucher, and any money collected by the collector was also receipted for by the road overseers of the proper road districts, and all these receipts, of both kinds, were evidently designed to exonerate the collector, and to wipe out the charge against him on account of the road tax. The fact that he did not have to pay any money into court, on this score, does not signify.

The judgment will be reversed and the cause remanded. All concur.