## CICERO BROWN, Respondent, v. MARTIN WELDON *et al.*, Appellant.

### Kansas City Court of Appeals, March 4, 1889.

1. **Res Adjudicata**: RULE AS TO WHAT IS EMBRACED IN, AND ITS APPLICATION IN THIS CASE. Plaintiff sues on the last of a series of three notes, each for five hundred dollars, given for a horse and jack. The answer of defendant in a former suit on the other two notes had set up ; first, a breach of warranty and damage of fifteen hundred dollars, and prayed for judgment for excess of such damage over plaintiff's claim. Second, fraudulent representations with damage and prayer as in first. Third, a total failure of consideration. The instructions covered the first and third defense and the verdict was a finding for the defendant merely. The answer in this case sets up a failure of consideration, and then pleads the former suit and judgment in bar, setting out the pleadings, instructions and verdict. The reply admitted the former suit and judgment and then stated that defendants were estopped and debarred by such former suit from setting up a failure of consideration. The cause was submitted without evidence on the pleadings. *Held—*

(1) That under the rules relating to presumptions in *res adjudicata*, the presumption will obtain in this case, that the questions of failure of consideration, breach of warranty and damages were considered in the former cause ;

(2) And the result of such consideration must be ascertained from the record, if it can be clearly done ;

(3) And as it cannot be said what was the result of that consideration or, on which of the issues submitted, the jury made their verdict, testimony should have been introduced to relieve the dilemma ;

(4) And the trial should have proceeded on the first count of the answer.

2. **Pleading**: ANSWER : SUGGESTION AS TO THE AMENDMENT. As there is to be a retrial, to obviate complications thereat, the court suggest an amendment of the first count of the answer.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Rush & Alexander*, for appellant.

(1) Where the subject-matter has been in litigation before, it will be deemed *res adjudicata*, unless the evidence precludes all hypotheses of the merits having been passed upon. *Baxter v. Aubery*, 41 Mich. 90 ; *Petersine v. Thomas*, 28 Ohio St. 596 ; *Hickerson v. City of Mexico*, 58 Mo. 61 ; Freem. Judg., sec. 272, citing 51 Barb. 267 ; *Underwood v. French*, 6 Oregon, 66 ; *Railway v. Straur*, 59 Mo. 351 ; *Cromwell v. Sac Co.*, 94 U. S. 370 ; *Mason v. Summers*, 24 Mo. App. 174 ; *Bennitt v. Wilmington*, 119 Ill. 9. (2) Although parol evidence is admissible to show upon which one of several issues the jury predicated their verdict, the jurors are not competent witnesses to show that a particular defense was not considered by them, or to disclose what proceedings were had by them. *Packet Co. v. Sickles*, 5

Wall. 593; *Underwood v. French*, 6 Oregon, 66; *Vallaire v. Faivre*, 36 La. An. 398; *Fairchild v. Lynch*, 99 N. Y. 359. (3) The defendants, having set up a breach of warranty, and also deceit and having alleged and prayed for fifteen hundred dollars damages exhausted their defense against the notes in suit, if they ever had one. *Lightfoot v. Wilmott*, 23 Mo. App. 5; Freem. Judg, sec. 272, citing 41 Cal. 221; *Crosby v. Jeroloman*, 37 Ind. 264; *Threshing Co. v. Farmer*, 27 Minn. 428; *Foster v. Konkright*, 70 Ind. 123; *Gammon v. Cottrel*, 87 Ind. 213; *Turner v. Allen*, 66 Ind. 252; *Ker v. Simmons*, 9 Mo. App. 376; *Inslee v. Hampton*, 18 N. Y. Sup. Ct. (11 Hun. ) 156; *Piel v Fink*, 19 Mo. App. 338. (4) If the property sold was worth anything for any purpose, the remedy of defend-ants was to counter-claim or recoup for damages result-ing from false warranty or false representations; and plea of failure of consideration could not be interposed, so long as they retained possession of property sold *Hayner v. Churchill*, 29 Mo. App. 677.

*Crosby Johnson*, for respondent.

(1) The judgment, received by defendants in the former suit between these same parties as set out in the second count of defendants' answer, which is admitted by the reply, is conclusive as to all matters in issue in said suit, and, on inspection of the record disclosing the fact that the jury found by their verdict that the two notes, sued on in the first case, as well as the one sued on now, were without consideration, plaintiff is precluded from maintaining his present action, and defendants' plea of former adjudication, set up in the second count of their answer is a complete bar to his recovery. *Spradling v. Conway*, 51 Mo. 51; *Ridgely v. Stillwell*, 27 Mo. 128; *Richardson v. Adams*, 4 Mo. 311; *Brown v. King*, 10 Mo. 56; *Clemens v. Murphy*, 40 Mo. 121;

*McNight v. Taylor*, 1 Mo. 282; *Edgell v. Sigerson*, 26 Mo. 583. Where a matter becomes *res adjudicata*, it is mutually obligatory on both parties, and it is binding on both. or neither. *Bell v. Hoagland*, 15 Mo. 360; *Gardner v. Buckbeer*, 3 Conn. 12.

ELLISON, J.—This is an action on a promissory note of five hundred dollars, being one of three, each for the same amount; given by defendant in payment for a horse and jack purchased of plaintiff. The two notes first falling due had been theretofore sued upon, and a defense to them made under an answer, containing three counts, setting up, first, a breach of warranty and damage by reason thereof of fifteen hundred dollars, and prayer that so much thereof as will pay plaintiff's claim be recouped and for judgment over for the excess. Second, that in consequence of false and fraudulent representations defendant purchased the animals and spent large sums of money in attempting to cure them whereby he was damaged fifteen hundred dollars— same prayer as in first count. Third, a total failure of consideration.

Instructions were given in that suit covering the issues made by the first and third counts and the verdict of the jury was "we the jury find for the defendant." The answer in the present case, sets up first, failure of consideration and then pleads the former suit and judgment in bar of this, setting out the pleadings, instructions and verdict in that case. Plaintiff, by replication, admitted the truth of the answer as to the former suit and judgment, and then proceeded by way of further reply that defendants were "estopped and debarred" by such former suit from setting up in this case the defense of failure of consideration. The cause was submitted without evidence for judgment on the pleadings, though instructions or declarations were given for each party. The court rendered judgment for plaintiff and defendant appeals.

Defendants' claim is that they are entitled to judgment from the fact that, as they allege, the pleadings show that in the former trial it was determined under the third count of his answer in that trial that the consideration for these notes had wholly failed, and that defendant was concluded thereby in this trial. On the the other hand, plaintiff claims that he should have judgment from the fact that the pleadings in the former trial show that defendant set up a breach of warranty and damages resulting therefrom, and that he had therefore exhausted his defense.

It is a rule in *res adjudicata*, that if a claim is specially embraced in the pleadings, the presumption is that it was presented at the trial and considered in the rendition of the judgment. Freem. Judg., sec. 272. Or that where matters could have been proved in the former action, the presumption is that they were proved, though such presumption may be rebutted. *Lightfoot v. Wilmot*, 23 Mo. App. 5; *Hickerson v. City of Mexico*, 58 Mo. 61.

Under these rules, the presumption will obtain in this case that the question of total failure of consideration, of warranty and damages by reason of the breach of the warranty, if any was made, were each considered by the jury in rendering their verdict for defendants in the former cause. All these issues were presented by the pleadings and all were the subject of instructions. So, if all were considered, we must ascertain from the record what was the result of this consideration, if it can be clearly done.

Our conclusion is, that it cannot be said what was the result of that consideration, or upon which of the issues submitted, the jury made their verdict. Testimony should have been introduced relieving this dilemma. When a number of issues are presented, the finding in any one of which, will warrant the verdict and judgment, it is competent to show that the finding

was upon one rather than another of these different issues. *Hicker son v. City of Mexico, supra; Packet Co. v. Sickels,* 5 Wallace, 580; *Washington Co. v. Sickels,* 24 How. 333. The latter case presented a question much like the one at bar.

But notwithstanding that neither party was entitled to judgment by reason of the plea *res adjudicata,* the trial should have proceeded under the first count of defendant's answer which sets up, what was assumed by the parties, to be a good plea of total failure of consideration. For this reason the judgment will be reversed.

By way of suggestion which may serve to obviate complications at another trial, we would say that, if defendant intends to rely upon total failure of consideration, he should amend his answer so that it may show a total failure of consideration as expressed by the majority opinion in this case when here before ( 27 Mo. App. 251 ), and the case afterwards arising of *Hayner v. Churchill,* 29 Mo. App. 677, concurred in by the whole court. The judgment is reversed and the cause remanded. All concur.