D. C. HARFORD, Appellant, v. S. A. BOYES, Respondent.

Kansas City Court of Appeals, January 29, 1894.

1. **Evidence:** ACCOUNT NO CLAIM. An objection to evidence, on the ground that the bill sued on has no claim, is properly overruled.

2. ————: ITEMIZING BILL: MOTION TO MAKE MORE DEFINITE. An objection to evidence on the ground that the bill is not sufficiently itemized is properly overruled when the trial is entered upon without asking that it be made more definite.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*M. Campbell* for appellant.

(1) It is certain that this Newman claim is not a demand "against plaintiff, nor could any judgment be rendered on it against him. This fact is conclusive against his right of counterclaim, as a legal demand under the statutes." Revised Statutes, sec. 2050.

*Barnes v. McMullins,* 78 Mo. 260. (2) Nor is this demand an itemized account, that being "one which states the items making up the aggregate of the demand." *State ex rel. v. Smith,* 89 Mo. 408. Wherefore no evidence is admissible to prove such items. Revised Statutes, 2075.

*T. A. Frank Jones* for respondent.

ELLISON, J.—This action was begun before a justice of the peace on an account against the firm of Boyer & Boyer for $92, which had been assigned to plaintiff by H. W. Miller, defendant, one of the members being alone sued. Defendant filed a counter-claim or set-off to this account consisting of an account due from Miller to the firm of Boyer & Boyer, of which defendant was a member as aforesaid; and also an assigned account against Miller due to H. A. Newman. The assignment being from Newman to Boyer & Boyer, the judgment was for plaintiff in the circuit court for $25.85, and he appeals.

There was evidence tending to support the claims of each party. The appeal is based upon objections to evidence which plaintiff interposed as to the counter-claim assigned to defendant and his partner by Newman. The objections are two in number: "*First.* That said bill is no claim against plaintiff." This objection was properly overruled. It was, of course, proper to hear the evidence upon the question of whether it was a claim against plaintiff. "*Second.* That said bill is unitemized, and is no valid claim against H. W. Miller, or plaintiff." We have not been able to discover any validity to these objections. The bill was itemized. It ought perhaps to have been stated more in detail, but, as stated by the trial court, plaintiff entered upon the trial without asking that it

be made more definite. We think this branch of the objection properly overruled. And so of the other branch. The claim was assigned to defendant for value before the date on which plaintiff's account was assigned to him.

We have not discovered any reversible error in the court's action on the instructions. We are satisfied that the judgment should be affirmed, and it is so ordered. All concur.