RICHARD DAWSON, Appellant, v. T. T. QUILLEN, Respondent.

Kansas City Court of Appeals, April 1, 1895.

1. **Trial Practice:** ACCOUNT: EVIDENCE. The statute requires that, in an action on an account the items shall be set forth in the pleading or attached thereto; and, when the pleading does not comply with the statutory requirement, the adverse party may either move to have it more definite or object to the introduction of any evidence. *Held*, in this case, the objection to the introduction of evidence was timely and was properly sustained.

2. ———: PLEADING: TIMELY OBJECTION. No inconsistency is perceived in the counts of the answer in this case, but, if there be such, attention was not directed thereto until after the verdict, which is too late.

3. **Evidence:** PLEADING. Where an answer alleges, and a replication denies, turning over of certain property by the defendant to the plaintiff in settlement, it is pertinent for plaintiff to show that the property was *in custodia legis* at the time and so remained to the filing of the answer.

4. ———: BEST AND SECONDARY. Parol evidence that certain property was sold by the sheriff under an order of court, is not the best evidence, the return of the officer being the best evidence.

5. ———: RES ADJUDICATA: PLEADINGS. Where under a plea of *res adjudicata* the petition, answer and judgment in a former suit showed that the matters in issue could not have been proof at such former trial, they are properly excluded.

6. **Instruction:** WELL INTENTIONED: BADLY EXPRESSED. An instruction set out in the opinion is disallowed because of faulty expression, although it was intended to express the correct idea.

7. **Accord and Satisfaction:** BURDEN OF PROOF. If the defendant's defense is that of accord and satisfaction, it devolves upon him to show satisfaction, for without satisfaction it is not a good plea.

8. ———: INSTRUCTION: HARMLESS. An instruction mentioned in the opinion, though faulty, is *held* harmless as the fault was against the asker.

9. **Instructions.** Various instructions examined and commented upon.

*Appeal from the Carroll Circuit Court.*—HON. JAMES GIBSON, Special Judge.

REVERSED AND REMANDED.

*Hale & Son, J. L. Minnis* and *Deatherage & Young* for appellant.

(1) The court erred in allowing defendant below to offer testimony in support of the last count in his answer for services rendered plaintiff during the year 1888 for the reason that the items of the account are not set out either in the answer or in the exhibit attached thereto against the objections of plaintiff below (sec. 2075, R. S. 1891). (2) The court erred in permitting defendant to offer testimony upon the third count in his answer for six months' board in years 1885, 1886, 1887 and 1888, for the same reasons as stated above. (3) The second count in defendant's answer alleging a compromise and settlement of plaintiff's cause of action in October, 1888, is inconsistent with the third and fourth counts, which allege an indebtedness of plaintiff arising on accounts accruing prior to said alleged settlement. (4) The court erred in excluding the testimony of O. G. Young to the effect that the property levied on by the sheriff in this cause, and which defendant claims was turned over to the plaintiff under the alleged compromise, was sold by the sheriff afterwards under an order of the court. (5) The court erred in excluding the answer and judgment, in case of Richard Dawson *v.* T. T. Quillen, for rent of 1887. (6) The court erred in its addition to the first instruction asked by plaintiff in this, that it tells the jury that plaintiff can not recover if they find the claim was compromised and said compromise acted

upon by defendant. It should have been acted upon by both parties. 1 Am. and Eng. Encyclopedia of Law, p. 94; and note 3; same, page 95; note 1; *Russell v. Lytle,* 6 Wend. (N. Y.) 391; *Hawley v. Foote,* 19 Wend. 516; *Bank v. De Grounc et al.,* 23 Wend. (N. Y.) 341; *Kramer v. Hein,* 75 N. Y. 574; *Noe, Adm'r, v. Christie,* 51 N. Y. 270. (7) The court erred in its interlineation in the third instruction asked by plaintiff by adding these words "or acted upon the same" and by adding the words "either of them." (8) The court erred in striking out part of the fifth instruction asked by plaintiff which part stricken out was to the effect that, if no demand was ever made of plaintiff for board in any transaction or settlement between plaintiff and defendant, if they had such transactions and settlement. The evidence is clear that they had had frequent settlements and no such claim had ever been made until set up in this answer. *More v. McCullah,* 8 Mo. 402; *Cronenburger v. Binz,* 56 Mo. 121; *Kent v. Highleyman,* 28 Mo. App. 614; *Relsenleter v. Kirch,* 29 Mo. App. 294.

*J. W. Sebree, L. A. Holliday* and *Morton Jourdan* for respondent.

(1) The agreement between the parties made October 20, 1888, as set up in the first count of defendant's answer constitutes a good defense to plaintiff's suit. *Hembrock v. Stark,* 53 Mo. pp. 588, 589. (2) Plaintiff waived filing of account of set off. *Meyer v. Chambers,* 68 Mo. 626; *Meyer v. McCabe,* 73 Mo. 236; R. S. 1889, sec. 2057, p. 543. (3) The court did not err in ruling out the testimony of Young in relation to the sale and disposition of the property by the sheriff. *Jones v. Walker,* 13 B. Mon. (Ky.) 163; *Lamb v. Clark,* 3 Wims. 29 Vt. 273. (4) The answer

of defendant in the suit for rent of 1887, was properly excluded as not showing *res adjudicata* by the record. *Hickerson v. Mexico*, 58 Mo. 65, and cases cited; R. S. 1889, sec. 2189; *Dawson v. Quillen*, 43 Mo. App. 118; *State v. Newkirk*, 49 Mo. 472; *Hubbard v. Mose*, 65 Mo. 652; Acts, 1891, p. 45; *Milling Co. v. Ramsey*, 57 Mo. App. 33; *Osburn v. The Farmers, etc.*, 114 Mo. 579; *Crawford v. Armstrong*, 58 Mo. App. 216. (5) Plaintiff's objection to defendant's instructions are not well taken. They, like plaintiff's instructions, should be taken and considered together as a whole and not in separate parcels.

SMITH, P. J.—This is an action which was brought by attachment to recover $495 rent.

The answer admitted the renting, but denied there was any agreement as to the amount of rent to be paid. It set forth the further defense that, after the commencement of the action, plaintiff and defendant entered into an agreement by which the plaintiff, in consideration of the surrender of the rented premises and certain crops and personal property then on the premises, to him, was to release the defendant from the payment of the said rent; and that defendant did accordingly so surrender premises, property, etc. There was a second count in the answer which alleged that plaintiff was indebted to defendant for "six months' board and lodging furnished him by the defendant in the years 1885, 1886, 1887 and 1888, at his special instance and request, of the value of $150." And also a third count, to recover "$300 for services rendered by defendant for plaintiff for the year 1888."

The replication denied the allegations of the answer, and for defense to the counterclaims set up in the second and third counts of defendant's answer, alleged that the subject-matter of said counts was

adjudged and determined in a prior suit between plaintiff and defendant, which proceedings and judgment plaintiff pleaded in bar. There was a trial and judgment for defendant, to reverse which the plaintiff has appealed.

The plaintiff objected to the introduction of any evidence by defendant in support of the allegation in the second and third counts of his answer, for the reason that the items of the accounts were not set forth therein, or in any account or exhibit thereto attached. This objection was by the court overruled and its action in this respect, we think, constituted reversible error. The statute, section 2075, Revised Statutes, provides that it shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but if they be not set forth, he shall attach to his pleading, referring to it therein, a copy of the account, which shall be part of the record; but if they be not set forth in, or attached to, said pleading, *he shall be precluded from giving evidence thereof.* When a pleading does not comply with the statutory requirement the adverse party may either move to have it made more definite *Harford v. Boyes,* 56 Mo. App. 139; *Meyers v. Chambers,* 68 Mo. 626, or at the trial object to the introduction of any evidence to support it. *Lobadie v. Maguire,* 6 Mo. App. 573; *Meyer v. McCabe,* 73 Mo. 236; 1 McQuillin, Plead. & Prac., sec. 271. But if the objection to such pleading be not taken in one or the other of these ways, it shall be deemed waived. The plaintiff's objection was timely and properly interposed, and since the defendant did not obviate it by an offer to supply his omissions by an amendment, it should have been sustained.

No inconsistency is perceived between the count in the answer alleging settlement and those which allege an indebtedness of the plaintiff to the defendant.

But however this may be, the record does not disclose that the attention of the trial court was in any way called to the matter before verdict, so that the objection now comes too late. McQuillin Plead. & Prac., sec. 359; *Shaefer v. Causey*, 8 Mo. App. 142.

As the answer alleged and the replication denied that certain property was turned over by defendant to plaintiff, in satisfaction and settlement of the defendant's claim for rent, it would seem quite pertinent to that issue for the plaintiff to show that the attached property was that property and that the same was in the custody of the sheriff at, and subsequent to, the time of the alleged delivery of it to the plaintiff. According to the theory of the defendant's sixth instruction, this evidence was material and relevant to to the issue. It declares that if defendant carried out the agreement of settlement, the plaintiff · is estopped to plead non-compliance on his part. The defendant himself based his defense on the fact that there had not only been an agreement entered into, but that there had been complete performance of it by him. If the property mentioned in the agreement was *in custodia legis*, and remained so up to the time of the filing of defendant's answer, this was evidence to go to the jury, with the other evidence, to show nonperformance by defendant.

It is not perceived that the testimony of the witness Young, to the effect that the attached property was sold by the sheriff under an order of the court, was admissible. The best evidence of this was the return of that officer.

The petition, answer and judgment in the former suit between plaintiff and defendant were rightly excluded, for the reason it does not appear that the subject-matter of the defendant's counterclaims in the present action was, or could have been, embraced

in the issues made by the pleadings, or could have been proved in that case. Nor is there anything which would authorize the presumption that the subject-matter of the defendant's counterclaims was or could have been presented at the trial and considered in the rendition of the judgment in the former case. *Brown v. Weldon*, 34 Mo. App. 378; *Hickerson v. Mexico*, 58 Mo. 61; *Crowell v. County of Sac*, 94 U. S. 371; Freeman on Judgments, sec. 272. So the court did not err in excluding the record of the former suit, offered by plaintiff, since it was wholly irrelevant to the issue.

The plaintiff's first instruction directed the jury that, if they found that defendant was only to pay plaintiff what the rent was reasonably worth, then to allow him such reasonable value per acre, as shown by the testimony, with interest at six per cent. from the time the same was to be paid; *provided they further believed* from the evidence that said claim was not compromised and said compromise not acted on by defendant. The above italicised words were, over the objection of the plaintiff, added by the court. This collocation of words is rather hard to understand. If the jury found there had been no compromise of plaintiff's claim for rent, it is inconceivable how such compromise could have been acted upon by the defendant. It is likely the court meant to tell the jury, that if they found for the plaintiff, to allow him on the amount of the rent, 6 per cent. interest from the time of payment, provided they further believed from the evidence that plaintiff's claim for rent had not been compromised; or if so, that the defendant had not acted on it. If the instruction had been altered so as to read as we think it should, and as perhaps was intended by the court, it would have been well enough; but, in the form given, it was objectionable.

If the defendant's defense to the payment of the rent was that of accord and satisfaction, it devolved upon him to show satisfaction, for accord without satisfaction is not a good plea. *Hardman v. Balhouse*, 9 M. & W. 596; *Wilkerson v. Bruce*, 37 Mo. App. 156; *Shaw v. Barton*, 8 Mo. App. 478. The court, therefore, meant, in effect, to say that, if the compromise agreement, as set forth in the answer, was entered into, to make it effective the defendant must have performed it, that is, turned over to plaintiff the property in it specified. The propriety of the action of the court in giving the plaintiff's third instruction, either in the form as requested, or in the modified form, may well be questioned. It would not have been improper for the court to have informed the jury, that if they found the agreement for the settlement of the plaintiff's claim for rent had been entered into, yet, if they further found that, shortly thereafter, plaintiff and defendant disagreed in respect to the terms of the same and that, in consequence thereof there was no performance thereof by defendant, then such compromise agreement constituted no defense and the jury should disregard the same. The instructions as modified virtually told the jury that if the defendant carried out the compromise agreement, and the plaintiff did not, the defendant's defense must fail. While this was error, it was in favor of the plaintiff. The instruction in neither form should have been given.

There is no error perceived in the action of the court in modifying the plaintiff's fifth and seventh instructions. The defendant's second and third instructions were based upon the counterclaims set up in the answer and were entirely proper. The defendant's fifth instruction was misleading and ought not to have been given. The concurrent evidence before the jury proved that the rent the plaintiff was entitled to recover

was $495, or nothing. The sum of the defendant's two counterclaims was but $450, so that, if the plaintiff was entitled to recover at all, it should have been for the $495, less whatever amount should be allowed defendant in his counterclaims. The defendant's sixth instruction is not justly subject to the plaintiff's criticism. It assumes no fact.

It follows from the foregoing considerations, that the judgment of the circuit court must be reversed and the cause remanded. All concur.