S. A. HASELTINE *et al.*, Respondents, v. C. W. THRASHER, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Res Adjudicata:** ESTABLISHMENT OF MATTER ADJUDICATED BY EXTRINSIC EVIDENCE. Oral evidence is competent to show the extent and nature of an adjudication, when this does not appear from the records—as where the record merely shows that a motion was overruled without stating the ground of the ruling, and the oral evidence shows that the ruling was not on the merits but due to the absence of necessary parties.

2. **Set-off:** MUTUALITY OF INDEBTEDNESS. The right of set-off is purely statutory, and the underlying principle of our statute is that only mutual debts may be set-off. Accordingly, a general execution issued on a personal judgment and a special execution against property can not be set-off against each other.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED, BOND, J., *dissenting*.

*White & McCammon* for appellant.

(1) The court below erred in admitting, against objection of defendant, testimony of coplaintiff and motion of defendant to quash execution and judgment of court sustaining same in rebuttal. *Stumpf v. Muella,* 17 Mo. App. 283; *Muff v. Railroad,* 22 Mo. App. 584; *Koons v. Railroad,* 65 Mo. 597. (2) The contract and conveyance between Belle Young and S. A. and S. C. Haseltine, dated August 28, 1889, in evidence, is void for champerty, the grantees seeking the benefit of such contract in this suit. *Duke v. Harper,* 66 Mo. 51; *Bent v. Priest,* 86 Mo. 475, 490; *Pike v. Martindale,* 91 Mo. 268, 284; *Million v. Ohnsorg,*

10 Mo. App. 432, 434; 3 Am. and Eng. Encyclo-
pedia of Law [1 Ed.], 85, 86, 87, and notes.   (3) The
assignments and conveyances from Belle Young (now
Belle Schermerhorn), under which plaintiffs, S. A.
and S. C. Haseltine, claim, are void against the exe-
cutions mentioned in plaintiff's petition for fraud
against creditors, since, on their own admissions, said
assignees hold under same a secret trust for the benefit
of the assignor.  R. S., sec. 5170; *Ryland v. Callison*,
54 Mo. 513; *Bobb v. Woodward*, 50 Mo. 95; *Henderson
v. Henderson*, 55 Mo. 534, 558, 559; *Gates v. Lebaume*,
19 Mo. 25; *State v. Benoist*, 37 Mo. 500; *Byrne v.
Becker*, 42 Mo. 269; *Crow v. Beardsley*, 68 Mo. 435,
439; *Cason v. Murray*, 15 Mo. 378, 383; *Knox v. Hunt*,
18 Mo. 174; *Johnson v. Sullivan*, 23 Mo. 474, 482;
*National Tube Works v. Ring, etc., Co.*, 118 Mo. 365,
376; *Kuykendall v. McDonald*, 15 Mo. 420.   (4) The
set-off of executions made by the sheriff, as shown by
the record in this cause, was fully authorized by law,
and is valid and binding in law and equity, and the
court below committed error in setting the same aside.
R. S., secs. 8169, 8170, 8171; *City of Kansas to use v.
Ridenour*, 84 Mo. 253; *Smith v. Spengler*, 83 Mo. 408;
*Green v. Conrad*, 114 Mo. 651, 664; *Vance v. Corrigan*,
78 Mo. 94, 96, 98; *Louisiana v. Miller*, 66 Mo. 467;
*City of Eaton Rapids v. Haupt*, 29 N. W. Rep. 860,
63 Mich. 371; *Morrowis v. Bright*, 20 Mo. 298;
*Weiss v. Wahl*, 5 Mo. App. 408; *Crowden v. Elliott*,
2 Mo. 60; *Whaley v. Cope*, 4 Mo. 233; *Austin v. Free-
land*, 8 Mo. 309, 312; *Kent v. Rogers*, 24 Mo. 306;
*Webber v. Leighton*, 8 Mo. App. 502.   Personal judg-
ments against the owner of property on account
of assessments for improvement are void.   Such judg-
ments can only be levied on the land benefited.   *St.
Louis to use v. Allent*, 53 Mo. 44; *St. Louis v. Clemens*,
36 Mo. 457; s. c., 49 Mo. 552.   But the debtor in a

suit for taxes for such improvement can set off any debt or claim he may have against the holder of such tax bill. *City of Kansas v. Ridenour*, 84 Mo. 253; *Green v. Conrad*, 114 Mo. 651.

*Haseltine Bros.* for respondents.

BIGGS, J.—In 1889, Belle Young, the widow of Henry C. Young, brought suit in the circuit court of Greene county against the defendant herein, the object of which was to have her dower assigned in the north half of lot 24, block 6, in the city of Springfield. She alleged that her husband and Thrasher had bought the lot together, each paying one half of the purchase money, and that the title had been taken in Thrasher's name to defeat her inchoate dower right therein. On the trial, to wit, April 7, 1890, the issues were found for her, and, it being ascertained that the lot was not susceptible of division, a judgment was rendered in her favor for $240 damages, and the annual value of her dower therein was fixed by the jury at $200, payable in advance. Thrasher appealed the case to the supreme court, where the judgment was affirmed in all things except that the annuities were ordered to be paid at the end, instead of the beginning, of each year. The cause was remanded, with directions to the circuit court to so modify the judgment, which was done on the third of May, 1893. On the twentieth day of May, 1893, a special execution was issued on this judgment against the property (Revised Statutes, 1889, sec. 4556) in the name of Belle Young, and it was delivered to the sheriff of Greene county. During the pendency of the suit in the supreme court, Thrasher bought and had assigned to him several judgments against Mrs. Young, upon which he also had executions issued on the third day of June, 1893, and which were likewise delivered

to the sheriff. The amounts due under these executions were somewhat in excess of the execution in favor of Mrs. Young. At the request of Thrasher the sheriff set off the executions, and he returned the execution in favor of Mrs. Young satisfied. The present proceeding, which is one in equity, was instituted by the plaintiffs, S. A. and S. C. Haseltine, to set aside the sheriff's return on the execution mentioned. The ground of their alleged equity is that after the institution of the dower suit, to wit, on the twenty-eighth day of August, 1889, they acquired an undivided one half interest in whatever judgment Mrs. Young might obtain therein, and that subsequently, to wit, on the nineteenth day of March, 1892, and while the suit was pending in the supreme court, they became the owners by purchase from Mrs. Young of the entire judgment, of which Thrasher had notice prior to the issue of his executions. The claim is, *first*, that the right of setoff did not exist under any circumstances, as the judgment and execution in the dower suit were special, and, *secondly*, that the action of the sheriff was invalid on the further ground that the judgment had been lawfully assigned to plaintiffs prior to the issuance of Thrasher's executions.

The defense is that the alleged assignment of one half of the judgment was void for the reason that a creditor can not without the consent of his debtor make a valid assignment of a part of a claim or judgment, and for the further reason that it was based on a champertous agreement between the plaintiffs, who are lawyers, and Mrs. Young touching the prosecution of the suit for dower. Concerning the second alleged assignment it was averred that it was without consideration and not made in good faith, but for the purpose of creating in plaintiffs a secret trust for the use

and benefit of Mrs. Young and in fraud of the rights of her creditors. The answer also contained a plea of *res adjudicata*, which will be hereinafter discussed. Upon the hearing of the cause the circuit court found the issues for the plaintiffs, and a decree was entered setting aside the return of the sheriff on the execution and declaring the satisfaction thereof void, and it was further ordered that another execution issue on the judgment to the use of the plaintiffs, who were found by the court to be the owners of the entire judgment. From that judgment the defendant has appealed.

The plea of *res adjudicata* rests on these facts: When the sheriff made his return on the execution showing that it had been satisfied in the manner stated, the plaintiffs herein filed a motion in the name of Mrs. Young to set aside the return. The grounds of the motion were the same as are now urged, that is, that the plaintiffs were the owners of the judgment by assignment and that the right of set-off did not exist. The motion was overruled, but the order does not state upon what ground. One of the plaintiffs testified that the motion was not disposed of on its merits but for want of necessary parties, the court holding that the alleged error could only be corrected by independent action on the part of the plaintiffs who claimed to have suffered the wrong. The decree herein recites affirmatively that this was the basis of the former ruling of the court. As the order overruling the motion did not recite the specific ground upon which the action of the court was based, it was competent to show by parol that fact (*Hickerson v. City of Mexico*, 58 Mo. 61); and, as the evidence on the point was uncontradicted, the decision of the court in the matter ought to be sustained.

The first agreement between the plaintiffs and Mrs. Young is as follows: "This agreement, made and

entered into this twenty-eighth day of August, 1889, by and between Mrs. Belle Young, party of the first part, and S. A. and S. C. Haseltine, parties of the second part, all of Springfield, Missouri, witnesseth: That the said Belle Young hereby agrees, for and in consideration of the sum of one hundred ($100) dollars to her in hand paid, the receipt of which is hereby acknowledged, and the further services of the said Haseltines, rendered and to be rendered as attorneys, have sold, assigned and transferred to the said Haseltines, one-half (1-2) of what they may and do receive out of the dower interest of the said Belle Young in a tract or parcel of land on the east side of the square in Springfield, Missouri, fronting (65) sixty-five feet on the square, more or less, as her interest may appear, the said Haseltines agreeing to carry on all suits that are necessary at their own costs, and to pay Mr. Stillwagen twenty-five ($25) dollars as a fee, and also a conditional fee of either five or ten per cent of the amount received, according to the agreement of Mrs. Belle Young and said Stillwagen.

"Witness our hands and seals this twenty-fifth of August, 1889.

"BELLE YOUNG,                     [SEAL]

"S. A. and S. C. HASELTINE."      [SEAL]

The assignment of March 19, 1892, is as follows: "Know all men by these presents, that I, Belle Schermerhorn (formerly Belle Young), widow of Henry C. Young, deceased, of Springfield, Missouri, for and in consideration of $200, to me in hand paid by S. A. Haseltine, of Springfield, Missouri, the receipt of which is hereby acknowledged, do and by these presents have sold, assigned, transferred and conveyed, unto the said S. A. Haseltine all of my dower, interest, damages and assignment of yearly rents in and to the north half of lot 24, in block 6, of the original town of Springfield,

Missouri, being a lot fifty-nine and one half feet front on the east side of the public square, next to the north side, and extending back one hundred and twenty feet, more or less, to Peach alley, and also the damages and yearly assignment of rent against the said property in the hands of C. W. Thrasher in the circuit court of Greene county, Missouri, and all rights and interest and title therein, and judgment therefor.

"Witness my hand and seal the nineteenth day of March, 1892.

"BELLE SCHERMERHORN.    [SEAL]

"STATE OF MISSOURI, ⎫ ss.
"County of Greene.   ⎭

"On this nineteenth day of March, 1892, before me personally appeared Belle Schermerhorn (formerly Belle Young, widow of H. C. Young, deceased), to me known to be the same person described in, and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed. Witness my hand and seal, at Springfield, Missouri, at the place and date above written. My term expires December 3, 1894.

"FELIX R. PORTER,
"Notary Public."

On the twenty-third day of June, 1893, the following assignment on the margin of the record of the judgment was made, to wit:  "For value received I hereby assign all my right, title and interest, of, in and to, the within judgment to S. A. and S. C. Haseltine, June 21, 1893.

(Signed)               "BELLE YOUNG, now
                       "BELLE SCHERMERHORN.

"Attest:  W. W. DONHAM, Clerk."

The foregoing are the evidences of plaintiffs' title to the judgment. The defendant attacks the first agreement as champertous, and the assignment is chal-

lenged for want of consideration and on the ground that it was not made in good faith, but in trust for Mrs. Young and to defraud her creditors. That the first contract is champertous is beyond doubt, but whether the defendant is in a position to insist on this is exceedingly doubtful. That the assignment was without consideration is against all of the evidence. The proof is that, in consideration of it, the plaintiffs paid a judgment against Mrs. Young for $200 and that they still owe her $300 on that account. There is some evidence from which it might be inferred that Mrs. Young still retains some interest in the judgment, but the plaintiffs denied it and the court specially found for them on that issue.

But, if it be conceded that the defendant may challenge the validity of the first contract, and, if it be also conceded for argument that Mrs. Young retains some interest in the judgment, the insuperable objection remains that the right of set-off did not exist under any circumstances, that is, it could not have been insisted on by the defendant had there been no transfer of the judgment by Mrs. Young. The right of set-off is purely statutory, and the underlying principle of our statute on the subject is that only *mutual debts may be set-off*. Section 8160 of the Revised Statutes, 1889, provides that, "if any two or more persons are *mutually indebted* in any manner whatsoever, and one of them commence an action against the other, one debt may be set-off against the other, although such debts are of a different nature." Section 8169 provides that "executions between the same parties may be set-off one against another, if required by either party, in the manner prescribed in the following sections." By section 8171 such set-offs are prohibited: "*First*, when the creditor in one of the executions is not in the same capacity and trust as the

*debtor* in the *other; second*, when the sum due on the first execution shall have been lawfully and in good faith assigned to another person before the creditor in the second execution became entitled to the sum due thereon," etc. Now, in this case, the defendant was not the debtor in the execution. The judgment was against the property only and the execution had to conform to it; therefore, the defendant was not a debtor in that sense which admitted and compelled the right of set-off. Had Mrs. Young not parted with her interest in the judgment, could *she* have compelled a set-off of the executions? Certainly not. The defendant could have compelled her to resort to the property for the satisfaction of her execution.

This position we do not conceive to be opposed to the decision of the supreme court in the case of *City of Kansas to the use of Coates v. Ridenour*, 84 Mo. 253. That was a suit on certain tax bills for street improvements, and the defendant asked that a claim due from the bank to him be set-off, which the circuit court refused to allow. The supreme court reversed the ruling on the ground that the petition alleged a personal liability of the defendant to pay the tax bills and the answer admitted it, and the judgment so found. The right of set-off was likewise justified under the provisions of section 8163 of the statute, which provides that "in all actions or suit at law, or any other legal proceeding instituted by any county, city or town, within this state against any person for the enforcement, collection or recovery of any debt, demand, claim or pecuniary liability, any debt, demand or claim existing, due or owing to such person and held by him in his own right against said county, city or town, before and at the time of the commencement of said proceeding against such person, may be

set-off against such debt, demand, claim or pecuniary liability of said county, city or town."

The weight of the evidence, however, establishes that the plaintiffs were absolute and *bona fide* purchasers of the judgment, and that, too, before the defendant purchased his judgments against Mrs. Young, and the affirmance of the judgment herein might very well rest on that ground alone. The first agreement may be put out of the case, and there remains the subsequent unconditional assignment of the entire judgment, which the evidence shows was made for the consideration of $500. We, therefore, conclude that the judgment was for the right party, and must be affirmed. Judge ROMBAUER concurs. Judge BOND dissents.